**David Hampton PUCKETT, Appellant,**

v.

**STATE OF NORTH CAROLINA,**
**Appellee.**

**No. 9537.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 5, 1965.

Decided March 5, 1965.

Irvin B. Tucker, Jr., Raleigh, N. C. (court-assigned counsel), for appellant.

Andrew A. Vanore, Jr., Asst. Atty. Gen. of North Carolina (Thomas Wade Bruton, Atty. Gen. of North Carolina, and Theodore C. Brown, Jr., Staff Atty., Raleigh, N. C., on brief), for appellee.

Before BOREMAN and BRYAN, Circuit Judges, and HUTCHESON, District Judge.

PER CURIAM:

Habeas corpus was unsuccessfully sought in the District Court by David Hampton Puckett for release from imprisonment by North Carolina upon his conviction for armed robbery. He alleged in his application that he had been denied Federal constitutional due process at trial, in that: the indictment was too vague to inform him of the accusation; he was without the effective assistance of counsel; and, unable to pay for an attorney or the cost of appeal, he was not advised of his right to have the State provide counsel and the requisite transcript. The last ground we think entitles him to substantial relief.

After sentence, Puckett requested an appeal. His lawyer strongly advised

against it, expressing the opinion that the appeal could not succeed. Nevertheless, on Puckett's insistence the appeal was noted. Execution was stayed for 60 days by the Court, the appeal bond set and bail named. Petitioner avers he could not avail himself of any of these concessions because of his poverty. The appeal was dismissed for lack of prosecution.

The lapse of time between the conviction, June 1957, and the application to the District Court, October 1963, certainly discloses a want of vigilance by the petitioner. However, his tardiness is mitigated in part by the fact that he was serving a previous sentence until June 6, 1960. Then, too, some of the interval was occupied in pursuing State remedies.

■ Yet, if he was in truth too impoverished to meet the expense of appeal, Puckett was not accorded his full Constitutional rights, for indisputably a person of adequate means could in the same circumstances have obtained a review under the laws of North Carolina. At the time he was convicted, 1957, the United States Supreme Court had declared his Constitutional right to a free transcript. Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). Of this he should have been advised by his counsel. While counsel's omission was an understandable lapse— for obviously he had defended his client loyally and with zeal—in law the failure amounts to an ineffectiveness in representation for which Puckett must not suffer. Doubtlessly, the request for a transcript might well have suggested to the Court the need to assign counsel, which since has been declared an obligation. Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).

■ Therefore, we must vacate the judgment on review, and remand the case to the District Court for a hearing on the question of Puckett's financial state at the time of his conviction. If he is found to have then been without the necessary means to perfect the appeal with counsel, the District Court will stay its hand until North Carolina has an opportunity to appoint counsel for him, furnish him a record and allow him a review of his conviction in the Supreme Court of North Carolina. If such appeal is not now permissible or, if available, is not permitted within a reasonable time, the District Court will issue its writ of habeas corpus releasing Puckett from State custody.

Vacated and remanded with directions.