STATE *ex rel.* ROBERT DAYTON

*v.*

OTTO C. BOLES, *Warden,* W. VA. PENITENTIARY

(No. 12451)

Submitted May 18, 1965.          Decided June 8, 1965.

*Charles A. Kiser,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

BROWNING, PRESIDENT:

Upon application of the petitioner, Robert Dayton, this Court issued a writ of habeas corpus ad subjiciendum returnable May 18, 1965, and appointed counsel to repre-

sent him in this proceeding. The petition avers that petitioner is presently serving a life sentence in the penitentiary as a recidivist, imposed by the Circuit Court of Berkeley County in 1942 upon his plea of guilty to an indictment charging the offense of sodomy and his admission that he had been previously convicted of felonies in the years 1935 and 1938. He then avers that the two previous convictions are void in that he did not have the assistance of counsel and thus the trial court, in 1942, was without jurisdiction to impose any sentence in excess of one to ten years, the penalty prescribed by statute for the crime of sodomy. Attached to the petition as exhibits are the indictment returned in 1942 for the principal offense, reciting the two previous indictments and sentencing orders as required by statute at that time, and the sentencing order of 1942, all of which sentencing orders are silent as to the question of counsel.

Respondent, in his return, admits that the record is silent as to whether petitioner was represented at any of his convictions or was advised of his right to the assistance of counsel and intelligently waived the same.

The instant case is thus indistinguishable from and controlled by the recent cases of *State ex rel. Pettery* v. *Boles,* 149 W. Va. 379, 141 S. E. 2d 80, and *State ex rel. Whytsell* v. *Boles,* 149 W. Va. 324, 141 S. E. 2d 70, and cases cited therein, wherein it was held that the right of the defendant in a criminal proceeding to the assistance of counsel is a fundamental right, the waiver of which will not be presumed, and that such principle applies to and invalidates any prior conviction of an offense within the meaning of a recidivist statute. The convictions of the petitioner for felonies in the years 1935 and 1938 are therefore, in the absence of a showing that petitioner was represented by counsel or intelligently waived the same, void and cannot constitute the basis for the imposition, under the recidivist statute, of a sentence in excess of the sentence provided for the principal offense.

It will be noted that, though the 1942 sentencing order also is silent upon the question of counsel, and so admitted

by the return, the petition does not challenge its validity on that ground and, in the absence of challenge, we must assume its validity for the purposes of this proceeding. However, inasmuch as the maximum period to which petitioner could have been sentenced upon the 1942 conviction was an indeterminate term of one to ten years, which period of confinement has long since been fully served, petitioner is entitled to be released from his present confinement. *State ex rel. Whytsell* v. *Boles,* 149 W. Va. 324, 141 S. E. 2d 70.

*Prisoner discharged.*