STATE *ex rel.* HOWARD PONTON

*v.*

OTTO C. BOLES, *warden,* WEST VIRGINIA PENITENTIARY

(No. 12591)

Submitted September 7, 1966. Decided September 27, 1966.

*Joseph F. Wagner,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

HAYMOND, JUDGE:

This is an original habeas corpus proceeding instituted in this Court on June 29, 1966, in which the petitioner, Howard Ponton, who is presently confined in the penitentiary of this State by virtue of a sentence of life imprisonment as a habitual criminal imposed by the Circuit Court of Berkeley County, West Virginia,

by final judgment rendered June 18, 1937, seeks a writ to require the defendant, Otto C. Boles, Warden of the West Virginia Penitentiary, to release him from such confinement.

On July 11, 1966, this Court issued a writ returnable September 7, 1966, at which time the defendant produced the petitioner in open court in obedience to the command of the writ and filed his return, in which he alleged that the petitioner was indicted by the grand jury of the Circuit Court of Berkeley County at its May Term 1937 for the crime of burglary; that the indictment alleged two previous felony convictions, one in 1929 and the other in 1931; that on May 28, 1937, the petitioner was tried upon said indictment and by the jury found guilty of the principal offense and to have been previously convicted of two other offenses punishable by confinement in the penitentiary of this State; and that on June 18, 1937, the circuit court sentenced the petitioner to confinement in the penitentiary for and during the period of his natural life. The return admits that the orders entered by the circuit court in the proceedings in which the petitioner was previously convicted and sentenced are silent with respect to the appointment or the presence of counsel for the petitioner and concerning the questions whether he was advised of his right to the assistance of counsel and whether he intelligently waived such right.

Upon the foregoing facts which are undisputed the petitioner contends that the sentence of life imprisonment is unconstitutional, null and void for the reason that he was denied the assistance of counsel to defend him against the offenses of which he was previously convicted, and that, as he has served the maximum period of imprisonment of fifteen years provided by law for the principal offense of which he was convicted, he is entitled to his release from his present confinement.

The decision of this proceeding is controlled by the case of *State ex rel. Whytsell v. Boles,* 149 W. Va. 324,

141 S. E. 2d 70, and the numerous cases cited in the opinion in that case, and the recent cases of *State ex rel. Wright v. Boles,* 150 W. Va. 381, 146 S. E. 2d 524; *State ex rel. Dayton v. Boles,* 149 W. Va. 548, 142 S. E. 2d 471; *State ex rel. Lovejoy v. Boles,* 149 W. Va. 532, 142 S. E. 2d 374; *State ex rel. Hall v. Boles,* 149 W. Va. 527, 142 S. E. 2d 377; and *State ex rel. Pettery v. Boles,* 149 W. Va. 379, 141 S. E. 2d 80. In the *Whytsell* case this Court held that two previous convictions and sentences as to which the record was silent concerning the questions whether the accused was represented by counsel and whether he intelligently waived that right were null and void; that for that reason no valid sentence in excess of the sentence provided by law for the principal offense could be imposed under the recidivist statute of this State; that a sentence of life imprisonment so imposed under such statute is null and void; and that the enforcement of such sentence in excess of the sentence provided for the principal offense will be prevented in a habeas corpus proceeding, as indicated by points 1, 2, 3, 4 and 5 of the syllabus in that case, which are reaffirmed and applied to the facts of this proceeding.

As the sentence of life imprisonment is null and void and as the petitioner has fully served the maximum sentence provided by law for the principal offense of which he was convicted, he is entitled to be released from his present confinement and the defendant is directed to release him forthwith from the confinement imposed by the judgment of the Circuit Court of Berkeley County.

*Prisoner discharged.*