**Earl Hunter HOOVER, Petitioner,**

**v.**

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.**

**Civ. A. No. 67–C–38–H.**

United States District Court
W. D. Virginia,
Harrisonburg Division.

Feb. 12, 1968.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes to the court upon a petition for a writ of habeas corpus filed by Earl Hunter Hoover *in forma pauperis*, pursuant to 28 U.S.C. § 2241.

Petitioner is currently serving a term of thirty years in the Virginia State Penitentiary, pursuant to a conviction for attempted rape by the Circuit Court of Augusta County, Staunton, Virginia on November 21, 1963. At his trial before a jury, petitioner was represented by counsel employed by petitioner through petitioner's family. No appeal was taken from the conviction.

A habeas corpus hearing was conducted by the state court in Staunton on April 8, 1966, as a result of a petition by the prisoner. Petitioner was represented by court-appointed counsel and was afforded an opportunity to present testimony in his own behalf. The writ was denied by an order entered August 8, 1966.

Petitioner now seeks a writ of habeas corpus from this court, alleging illegal search and seizure, inadequate representation of counsel, and failure to advise petitioner of his right to appeal *in forma pauperis*.

The findings of fact made at the state habeas corpus hearing are set out below:

The petitioner was charged by a warrant of August 30, 1963, with having raped Mildred Randolph a female of twelve years of age. Petitioner received a preliminary hearing on this charge on October 1, 1963. Approximately two weeks before that hearing, petitioner's family employed two attorneys to defend the petitioner.

Prior to the petitioner's trial, he was interviewed by his attorneys from four to six times. At one of these interviews, petitioner gave his attorneys the names of several witnesses whom he felt would be helpful to the defense. The attorneys

did not talk to these witnesses prior to the day of trial, but relied upon the petitioner's family to secure the attendance of the witnesses.

On the day of trial, petitioner's attorneys talked with the witnesses and decided that in their professional judgment the witnesses would not be helpful to the defense. The attorneys made no attempt to locate one of the witnesses who did not appear at the trial.

Petitioner was tried by jury and found guilty of attempted rape. Counsel for petitioner moved to set aside the verdict; said motion was overruled on December 4, 1963. Shortly after sentencing the petitioner and his family discussed with his attorneys the possibility of an appeal. Petitioner's attorney never mentioned any fee but advised that in his opinion an appeal would be useless and that executive clemency was the best course of action. No request was thereafter made to appeal the case although petitioner wrote to his attorneys on December 8, 1963 and January 24, 1964 asking to try to effect an early release for petitioner.

This court has carefully reviewed the record in this case, including all available transcripts of prior proceedings, and has concluded that petitioner is not entitled to the relief he seeks.

■ Petitioner's first allegation of illegal search and seizure has not been presented to the state court and for that reason the question is not properly before this court. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

■ Petitioner alleges inadequate representation of counsel on the grounds that his attorneys did not contact the witnesses until the day of the trial, and failed to call at least one witness to testify at the trial. Petitioner's counsel testified at the state habeas corpus hearing that he was assured by petitioner's family that the witnesses, all of whom were personal friends of the family, would be present the day of the trial. In fact, all but one of the witnesses was present. Petitioner's counsel testified

that he did not contact the witnesses before the trial because he felt their testimony would not aid the petitioner's case. This evaluation of the proposed testimony was also the basis of the attorney's decision to not call one of the witnesses to testify. Petitioner's counsel had consulted with the petitioner about six times and was aware of the nature of the testimony the witnesses would give. The decision of petitioner's counsel to not call a certain witness was a matter of discretion as to how counsel could best present petitioner's case. While this decision may have been a mistake in trial tactics, it does not amount to representation so ineffectual as to make a farce of the trial. Tompa v. Commonwealth of Virginia, 331 F.2d 552, 554 (4th Cir. 1964).

■ Petitioner's final allegation is that he was not advised of his right to appeal *in forma pauperis*. Petitioner alleges that after the trial he asked his counsel if "something couldn't be done," but counsel replied that an appeal would cost $3,500, a sum that petitioner could not pay. At the state habeas corpus hearing petitioner's attorney testified that there was never any discussion of a fee for an appeal. Petitioner's attorney did discuss the possibility of appeal with petitioner and with petitioner's family, but petitioner's attorney advised that there were no grounds for an appeal. Petitioner's attorney recommended that a plea for executive clemency was the best course for petitioner to follow, and there was no further mention of an appeal. This case is not within the purview of Puckett v. State of North Carolina, 343 F.2d 452 (4th Cir. 1965) where an indigent defendant requested an appeal and was not advised that he could proceed *in forma pauperis*. In the present case, wholly aside from monetary questions, petitioner's attorney advised that there were simply no grounds for filing an appeal and instead recommended that petitioner focus his efforts on gaining executive clemency.

For the reasons stated in this opinion and upon mature consideration of the

facts relied upon by petitioner in the case at bar, this court holds that the allegations are without merit. Nothing would be gained by a further hearing.

Therefore, it is hereby adjudged and ordered that the petition for habeas corpus be, and hereby is denied.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.