**Ted WILLIAMS, Appellant,**

v.

**Ira M. COINER, Warden of the West Virginia State Penitentiary, Successor to Otto C. Boles, Appellee.**

**No. 11184.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 12, 1968.

Decided March 6, 1968.

George K. Walker, Richmond, Va. (*Court-assigned counsel*) [Hunton, Williams, Gay, Powell & Gibson, Richmond, Va., on brief], for appellant.

Thomas B. Yost, Asst. Atty. Gen. of West Virginia (C. Donald Robertson, Atty. Gen. of West Virginia, Leo Catsonis and Morton I. Taber, Asst. Attys. Gen. of West Virginia, on brief), for appellee.

Before SOBELOFF and BUTZNER, Circuit Judges, and MERHIGE, District Judge.

SOBELOFF, Circuit Judge:

Appealing the denial of his petition for a writ of habeas corpus, Williams, a West Virginia prisoner since 1936, raises two seemingly meritorious claims. He alleges that he is currently serving a life sentence on an unconstitutional recidivist charge premised in part upon two earlier felony convictions obtained when he was without benefit of counsel. Williams also alleges that because of his indigence he was deprived the right to appeal his 1936 conviction.

The threshold question is whether Williams is now serving a life sentence for armed robbery, as the District Court found, or for recidivism, as the prisoner maintains. In 1935, the Grand Jury of Nicholas County, West Virginia, charged Williams with taking $34 in an armed robbery. In the indictment, preceding the robbery allegation, the Grand Jury specifically presented that the defendant had "twice been sentenced to confinement in the State Penitentiary." Pleading not guilty to the substantive offense of armed robbery, Williams admitted to the court that he had previously served terms of two and five years, in 1928 and 1930, respectively, upon pleas of guilty to charges of breaking and entering. Faced only with the issue of Williams's guilt or innocence of the holdup, the jury found him "guilty of armed robbery as charged in the within indictment." The court then took under advisement the problem of sentencing Williams.

At the time of sentencing, the state armed robbery statute *permitted* any sentence not less than the minimum confinement of ten years in the state penitentiary. W.Va.Code § 5927 (1932) [now W.Va.Code § 61–2–12 (1966)]. On the other hand, West Virginia's recidivist statute *required* a life sentence for anyone who had twice before served penitentiary terms and was again found guilty of a felony. W.Va.Code § 6131 (1932) [now W.Va.Code § 61–11–18

(1966)]. The law required that such earlier prison terms be alleged in an indictment and be either admitted by the defendant or found true by the jury.

The trial court, to whom Williams had admitted his earlier imprisonments in the penitentiary, sentenced the defendant to a life term. The court cited no statutory authority for the sentence and did not articulate whether he was sentencing Williams for armed robbery alone or for recidivism. With regard to the sentence, the court said only: "It is therefore considered by the court that the defendant Ted Williams be confined and imprisoned in the penitentiary of the State of West Virginia for and during his natural life * * *."

■ Inexplicably, the state courts and the federal District Court found that Williams was sentenced solely for armed robbery, thereby obviating the necessity of inquiring into the validity of the two prior convictions which were alleged in the indictment and upon which a recidivist sentence could have been predicated. The District Court announced no reason for its finding. In the record which is before us and which was before the District Court there is no indication that this armed robbery was particularly heinous or involved circumstances justifying so harsh a punishment. Moreover, as we read West Virginia's law, the trial judge was under a duty to impose a life sentence *for recidivism.* See State ex rel. Wright v. Boles, 150 W.Va. 381, 146 S.E.2d 524 (1966); see also Anderson v. McClintic, 115 W.Va. 329, 175 S.E. 857 (1934). Consequently, we conclude, as a matter of law, that Williams is currently serving a recidivist sentence based in part upon his convictions in 1928 and 1930, and that the finding of the District Court is clearly erroneous.

■ Manifestly, the West Virginia habitual offender statute, under which petitioner was sentenced, contemplates constitutionally valid underlying convictions. Graham v. State of West Virginia, 224 U.S. 616, 625, 32 S.Ct. 583, 56 L.Ed. 917 (1912). Nothing less will do. As the Supreme Court recently stated, "To permit a conviction obtained in violation of Gideon v. Wainwright [372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)] to be used against a person either to support guilt or *enhance punishment* for another offense (see Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477, 16 L.Ed.2d 526) is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right." Burgett v. State of Texas, 389 U.S. 109, 115, 87 S.Ct. 258, 262, 19 L.Ed.2d 319 (1967) (emphasis added). If Williams can establish the invalidity of either or both of his prior convictions, then obviously the recidivist sentence will also fall, Tucker v. Peyton, 357 F.2d 115, 116 (4th Cir. 1966); United States ex rel. Savini v. Jackson, 250 F.2d 349, 355 (2nd Cir. 1957).

■ Williams's contention, uncontradicted to this point,[1] is that he was unrepresented by counsel at his 1928 and 1930 convictions and was not informed on those occasions that he had a right to the assistance of either retained or appointed counsel. Federal and state habeas corpus adjudications make it abundantly clear that if a petitioner was not informed of his right to counsel at one or more of the convictions underlying a recidivist sentence, or if the records of those convictions are silent as to counsel, then the habitual offender conviction is null and void. United States ex rel. Easterling v. Wilkins, 303 F.2d 883 (2d Cir. 1962); United States ex rel. Savini v. Jackson, supra; State ex rel. Johnson v. Boles, 151 W.Va. ——, 151 S.E.2d 213 (1966); State ex rel. Ponton v. Boles, 151 W.Va. ——, 150 S.E.2d 339 (1966); State ex rel. Wright v. Boles, supra.

---

1. His assertion is uncontested despite the District Court's explicit order to the state that its answer to the habeas corpus petition "shall include any available court records which would facilitate deliberation" of any issues raised in the petition.

■ It is imperative, therefore, that we remand this case to the District Court for a full hearing on petitioner's contention that he was uninformed of his right to counsel when he pleaded guilty to charges of breaking and entering in 1928 and 1930. If this claim is substantiated, then Williams will be entitled to immediate release, subject to the right of the state to resentence him for the 1935 robbery if it desires to do so. In an identical situation, involving a life recidivist term following a valid conviction for armed robbery and two prior convictions invalidated for lack of counsel, the West Virginia Supreme Court of Appeals held that where the sentence for armed robbery was not readily ascertainable and where the petitioner had already served more than the statutory minimum of ten years, the petitioner was entitled to a discharge from confinement, subject to the right of the state "to proceed against him further as provided by law." Wright v. Boles, supra. The armed robbery sentence here was equally uncertain and Williams has already served thirty-two years after having stolen $34.

On remand, the District Court is also directed to determine the validity of petitioner's assertion that his indigence deprived him of his right to appeal from his armed robbery and recidivist convictions. Although clearly raised below, this issue was somehow overlooked in the District Court.[2]

Williams contends that although he requested an appeal his retained lawyers "refused to appeal because I had no more money." Corroborative of this allegation are the facts that immediately after sentencing the defendant informed the court of his desire to apply for a writ of error to the West Virginia Supreme Court of Appeals and that despite the court's order allowing 90 days in which to make application, no appeal was taken. This is especially revealing in light of counsel's motion for a new trial on the grounds of inadequacy of the indictment and evidentiary errors committed at trial. It does not appear from the record whether Williams was informed by the court or anyone else that he had a right to appointed counsel on appeal, if he were unable to afford the continued services of his privately-retained attorneys.

■■ Equal protection of the law is not satisfied where the nature of appellate review or the presence or absence of review of a person's conviction "depends on the amount of money he has." Griffin v. People of State of Illinois, 351 U.S. 12, 19, 76 S.Ct. 585, 591, 100 L.Ed. 891 (1956). If upon investigation it is found that Williams desired and sought an appeal, that he was refused by his lawyers because of his indigence and that he was not advised of his right to have the state provide counsel and the requisite transcript, then the District Court should order petitioner's release unless the state's appellate courts will grant a delayed appeal. Puckett v. State of North Carolina, 343 F.2d 452 (4th Cir. 1965); Newsom v. Peyton, 341 F.2d 904 (4th Cir. 1965).

The recidivist and appeal issues are, of course, wholly distinct. Even if the District Court finds the underlying breaking and entering convictions void, thereby invalidating the recidivist sentence, Williams may still desire to appeal the otherwise valid armed robbery conviction, whether or not the state seeks to resentence him on that charge.

Reversed and remanded with instructions.

2. Williams apparently did not raise the denial of appeal issue in his state habeas corpus proceeding. However, we believe that because the recidivist question is properly before this court, this is not an appropriate case to insist upon exhaustion of state remedies, which is not a jurisdictional concept but simply a flexible matter of comity. See Pate v. Holman, 343 F.2d 546, 547 (5th Cir. 1965).