**John Alford TURNER, Appellant,**

v.

**STATE OF NORTH CAROLINA, Appellee.**

No. 12026.

United States Court of Appeals Fourth Circuit.

Argued March 4, 1969.

Decided June 16, 1969.

Thomas A. Edmonds, court-assigned counsel, for appellant.

Jacob L. Safron, Staff Atty., Raleigh, N. C., (Robert Morgan, Atty. Gen. of North Carolina, on brief), for appellee.

Before SOBELOFF, BOREMAN and BRYAN, Circuit Judges.

BOREMAN, Circuit Judge:

John Alford Turner appeals from the denial of habeas corpus relief by the United States District Court for the Middle District of North Carolina.

In November 1956, in the Superior Court of Robeson County, North Carolina, Turner was tried by a jury for first degree murder, convicted of voluntary manslaughter and was sentenced to not less than four nor more than eight years in state prison to commence at the expiration of previous sentences then being served. He began serving the sentence now attacked in April of 1968.

At his trial in 1956 Turner was represented by court-appointed counsel. At the conclusion of trial, Turner's counsel, at Turner's request, gave oral notice to the court of desire to appeal. Thereafter, neither the court nor his appointed counsel took further action in connection with the requested appeal; consequently, the appeal was later dismissed for lack of prosecution.

In his habeas petition to the district court and to this court on appeal, Turner has asserted two general grounds for relief: the denial of his right to appellate review and his appearance in court attired in prison garb.

To support his claim of denial of right of appeal the petitioner asserts that his appointed counsel failed to insure the requested appellate review, failed to inform him of his right as an indigent to a free trial transcript, his right to the appointment of other appellate counsel or the steps to be taken without assistance of counsel to obtain appellate review. He complains also of the failure of the trial court to appoint counsel to assist him in prosecuting an appeal, and the unconstitutionality of a North Carolina statute [1] which provided that before an indigent defendant is entitled to a free transcript of the trial proceedings he must file with the court an affidavit that he is indigent, that he has been advised by counsel that he has reasonable cause for the appeal prayed, and that the application is in good faith. We hold that the petitioner was unconstitutionally denied his right to appellate review due to the inaction and neglect of both his appointed trial counsel and the trial court.

■ As previously noted, trial counsel, at Turner's request, gave oral notice of appeal to the court, thus clearly and adequately making known his desire to appeal. The fact that petitioner's request for an appeal was in oral rather than written form is of no consequence. Morris v. Peyton, 283 F.Supp. 63 (W.D.Va. 1968). Thereafter, with knowledge of petitioner's desire to appeal and also his indigency (the court having previously appointed counsel for him) the trial court failed to instruct trial counsel to continue as counsel for purposes of appeal or to appoint other counsel to assist Turner in prosecuting his appeal. This dereliction resulted in the routine dismissal of the appeal for lack of prosecution.

■ Indigency and desire to appeal being known to the court, the failure to appoint counsel on appeal and provide a free trial transcript cannot be excused on the ground that no specific request for either was made by Turner. Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967).[2] In reversing

---

1. N.C.Gen.Stat. § 15–181.

2. The facts in *Swenson* are quite similar to those of the instant case in that after

judgment was entered the defendant's trial counsel filed notice of appeal and then withdrew. However, unlike the instant case, Swenson's conviction was re-

Swenson's conviction on the ground that the defendant had failed to receive "the assistance of appellate counsel in preparing and submitting a brief to the appellate court * * *" the Supreme Court stated:

" * * *. It is now settled 'that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on request.' Carnley v. Cochran, 369 U. S. 506, 513, 82 S.Ct. 884, 889, 8 L.Ed. 2d 70. When a defendant whose indigency and desire to appeal are manifest does not have the service of his trial counsel on appeal, it simply cannot be inferred from defendant's failure specifically to request appointment of appellate counsel that he has knowingly and intelligently waived his right to the appointment of appellate counsel." 386 U.S. 260, 87 S.Ct. 998.

This deprivation of Turner's constitutional rights, however, is not solely attributable to the neglect of the trial court. After having given notice of appeal appointed trial counsel took no further action to see that it was effectuated, and gave petitioner no information concerning the procedure then necessary to insure appellate review (including the necessity of a transcript of the trial proceedings which could only be obtained without cost upon the filing of an affidavit of indigency, good faith and that his attorney had advised him there was reasonable ground for an appeal pursuant to the state statute). Trial counsel's duty and obligation to further assist his client do not end upon conviction and sentence. At this point in the judicial process, when time is an important factor in obtaining appellate review, no one is in better position to insure the indigent defendant of the appeal which he

has requested than counsel who has represented him at trial.

After desire to take an appeal is shown by an indigent defendant the very least which counsel must do is inform the defendant of his right to appeal without cost, Williams v. Coiner, 392 F.2d 210 (4 Cir. 1968); Magee v. Peyton, 343 F.2d 433 (4 Cir. 1965); Puckett v. State of North Carolina, 343 F.2d 452 (4 Cir. 1965); of the need for a transcript of the trial proceedings; and of the availability of this transcript without cost, Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Puckett v. State of North Carolina, supra. If at this time appointed trial counsel decides that he cannot or will not continue to represent the defendant he must so inform the defendant, cf. Williams v. Coiner, supra,[3] in addition to informing him of his right to appointment of other counsel, Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 2d 811 (1963), and of the procedure through which the trial transcript and appeal may be obtained if assistance of counsel is not desired.

In the instant case the evidence is undisputed that Turner was not informed of his counsel's intentions to proceed no further with the announced appeal nor was he given any advice or information pertinent to the prosecution of the appeal.

We therefore hold that through the inaction and neglect of both the trial court and appointed trial counsel, Turner was denied his right under the Sixth Amendment to the assistance of counsel on appeal which is guaranteed to indigent defendants through the Equal Protection Clause of the Fourteenth Amendment. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).

viewed by a state appellate court on the merits and affirmed. This difference serves to add strength to the position of the petitioner in the instant case since he has had no opportunity for appellate review.

3. We do not find that the requirements set forth in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), for withdrawal from the case after trial and before appeal are applicable to one who has been appointed only as *trial* counsel.

■ Having concluded that Turner was unconstitutionally deprived of appellate review of his conviction, we consider the appropriate remedy. Here, as in the cases of Pate v. Holman, 341 F. 2d 764 (5 Cir. 1965), and Coffman v. Bomar, 220 F.Supp. 343 (M.D.Tenn. 1963), appropriate relief of belated appellate review cannot be provided. In the instant case we are informed that the court reporter's notes were long since destroyed and the trial itself occurred more than ten years ago, thereby rendering it virtually impossible to provide even a résumé of the proceedings in narrative form.

In the circumstances of this case we approve the nature and form of relief accorded the defendant in Coffman v. Bomar, *supra*, outlined by the court as follows:

> " * * *, the Court is of the opinion that the proper course to be taken by this Court is to award the petitioner the maximum relief that he could have obtained if his appeal had been properly perfected and he had been successful in prosecuting it. This can be accomplished by directing that the petitioner be accorded a new trial, if the state desires to retry him for the offense charged in the first count of the indictment, and otherwise that he be released from custody. Such a disposition will vindicate the petitioner's constitutional rights and operate to correct the constitutional error committed against him. As pointed out in Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215 (1951), '[t]he District Court has power in a habeas corpus proceeding to "dispose of the matter as law and justice require." 28 U.S.C. § 2243.'" 220 F.Supp. 343, at 349.

The relief provided in Coffman, *supra*, was approved and adopted in Pate v. Holman, *supra*, 341 F.2d 764 at 777.

■ The case will be remanded to the district court with direction to order that Turner be accorded a new trial if the state elects to retry him within a reasonable period of time as fixed by the court; otherwise to order his release from the custody of the State of North Carolina.

In view of our disposition of the case we find it unnecessary to reach the questions raised with respect to the constitutionality of N.C.Gen.Stat. § 15–181 and with respect to the appearance of petitioner in court attired in prison garb.

Reversed and remanded.

ALBERT V. BRYAN, Circuit Judge (dissenting):

A convict's prescription for defeat of consecutive sentences is, unwittingly, accepted in today's opinion. Readily pursuable, the design is this. Reversal of a subsequent sentence is not pressed until after the prisoner has served an earlier one. By then, through lapse of time, the State's evidence to refute the attack on the conviction or for a retrial will in all probability be unavailable. The pattern is exquisitely demonstrated here.

Turner was sentenced to serve 10 years in 1955 on a plea of guilty. In May 1956, after a plea of not guilty, he was sentenced to imprisonment for 5 years, to begin upon the expiration of the 1955 sentence. In November 1956, convicted of manslaughter on a not guilty plea, he was ordered imprisoned from 4 to 8 years, commencing at the end of the May 1956 sentence. Thus within two years he had accumulated sentences of 19 years or more. The November 1956 or last sentence is the one questioned now.

The ground of impeachment is that his appeal from the November 1956 conviction, although noted, was never perfected. For almost 10 years—until early 1966—Turner voiced no complaint of the omission. Of course, he lost nothing by waiting, for meanwhile he was receiving credit on the prior sentences. Moreover, as the inception of service of the November 1956 sentence would not arrive until 1968, when urging his grievance he had not been detained for a single day under it. Notwithstanding, he now wins release from it unless North Carolina can remake its case after an in-

terval of 9 or 10 years. The reporter's notes of the trial have been destroyed, and presumably the witnesses are not procurable, or if so, their memories have dimmed. Certainly a doubt is created whether a retrial is possible.

True, on termination of the November 1956 trial, at the instance of Turner, his counsel noticed an appeal. He also visited him while in custody after the verdict, and talked about the appeal. Counsel's testimony is not without inconsistency, and admittedly he may not have been as diligent as he ought to have been. But the point is that Turner obviously acquiesced in abandonment of the prosecution of the appeal. Thereafter Turner made no inquiry whatsoever of his lawyer about its status. Frequent opportunities were afforded Turner to assert his desire for an appeal. He was paroled on January 16, 1962, and remained at liberty until the release was revoked on June 5, 1962. In 1963 he was freed on parole again on February 1 and remained so until this privilege was revoked December 1, 1965. Aside from the availability of a call or letter for the purpose, Turner during one of his reprieves met his attorney on the street and conversed with him, but still uttered not a syllable about the appeal.

The answer is, of course, that Turner was not interested in an appeal. His omission to remind his counsel of the appeal cannot be ascribed to ignorance or forgetfulness. The record discloses that he was no tyro in the criminal procedure. His questioning of the 1956 conviction proves his awareness of procedural requisites; he instituted post-conviction proceedings in the State court in early 1966 and sought habeas corpus in the District Court in April 1967, the initiation of the present case, without an attorney.

If Turner had the intelligence to ask originally for an appeal, he certainly was competent to inquire about it before the passage of nearly 10 years. Either he was unconcerned about the appeal, or he purposely let it sleep so as to erase the conviction through a belated attack. In either aspect there was a waiver of appeal.

Concededly, time is not always the measure of waiver. There are instances where many years have intervened between conviction and complaint of unjust deprivation. Thus no waiver was seen in Fay v. Noia, 372 U.S. 391, 83 S. Ct. 822, 9 L.Ed.2d 837 (1963), where the petitioner failed to ask for an appeal because he was afraid he would receive a harsher sentence if he won retrial, and then waited more than 10 years to seek relief. That was an excuse hardly comparable to Turner's deliberate abstention from inquiry.

I recognize that the State cannot curtail an accused's privileges, but he has obligations, too. He should not be permitted to flout the judicial processes. I would dismiss Turner's petition. Otherwise North Carolina is unwarrantably obstructed in restraining the criminal.