**Hersel A. WILLEY, Appellant,**

v.

**Ira M. COINER, Warden of the West Virginia State Penitentiary, Appellee.**

No. 71–1836.

United States Court of Appeals,
Fourth Circuit.

July 19, 1972.

Hersel A. Willey, pro se.

Cheryl Ann Wheeler, Asst. Atty. Gen., for appellee.

Before SOBELOFF, Senior Circuit Judge, and BRYAN and WINTER, Circuit Judges.

SOBELOFF, Senior Circuit Judge:

In 1954 appellant Hersel A. Willey was convicted in the Criminal Court of Mercer County, West Virginia, of first degree murder and was sentenced to life imprisonment. After adequately exhausting state remedies, he sought a writ of habeas corpus in District Court. In his petition for the writ, Willey alleged that he was denied effective assistance of counsel in that his retained trial counsel:

1) failed to advise him of his right to appeal, and

2) refused to appeal the conviction because of defendant's lack of funds further to retain counsel and to pay for the production of the trial transcript, and furthermore, the attorney did not advise him that as an indigent he was entitled to have appointed appellate counsel and a free transcript.

Upon these allegations, the District Court ordered a hearing. In an oral opinion, the Judge resolved the disputed facts in petitioner's favor. He found that Willey desired an appeal in 1954 and that his attorney "apparently felt strongly that there was some degree of unfairness in the trial which perhaps translated would mean that there were misjudgments and some reversible error." Nevertheless, because of petitioner's inability to finance an appeal, the attorney sought no review of the 1954 conviction.

These facts clearly establish that under today's standards petitioner's constitutional rights were violated. An indigent has been held to have a right to a free transcript, Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), and court-appointed appellate counsel, Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). A defendant today, whether indigent or not, also must be advised of his right to

appeal, Nelson v. Peyton, 415 F.2d 1154 (4th Cir. 1969), cert. denied, Cox v. Nelson, 397 U.S. 1007, 90 S.Ct. 1235, 25 L. Ed.2d 420 (1970), and appellate counsel has a duty to brief arguable grounds on review, Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

■ But the District Court refused to apply retroactively these relatively recent statements of law to overturn petitioner's 1954 conviction. Primarily cited against the retrospectivity of these cases was this circuit's recent *en banc* decision in Shiflett v. Commonwealth of Virginia, 447 F.2d 50 (4th Cir. 1971), where a majority of the court held that Nelson v. Peyton, *supra,* would not apply retroactively. Petitioner appeals from the denial of habeas corpus relief and urges us to implement the *Griffin* and *Douglas* decisions in his case.

While the District Court was bound, as this panel is bound, to follow *Shiflett* in respect to the retroactivity of Nelson v. Peyton, we hold that, under the facts of this case, *Shiflett* does not govern.[1] We agree with petitioner Willey that *Griffin* and *Douglas* apply retroactively to entitle him to a free transcript and court-appointed appellate counsel.

We have consistently applied *Griffin* and *Douglas* retroactively. Turner v. North Carolina, 412 F.2d 486 (4th Cir. 1969) (relating to a 1956 conviction); Williams v. Coiner, 392 F.2d 210 (4th Cir. 1968) (relating to a 1935 conviction); Puckett v. North Carolina, 343 F.2d 452 (4th Cir. 1965) (relating to a 1957 conviction); Magee v. Peyton, 343 F.2d 433 (4th Cir. 1965) (relating to a 1961 conviction). In *Williams,* this court said:

> If upon investigation it is found that Williams desired and sought an appeal,

that he was refused by his lawyers because of his indigence and that he was not advised of his right to have the state provide counsel and the requisite transcript, then the District Court should order petitioner's release unless the state's appellate courts will grant a delayed appeal. 392 F.2d at 213.

In the instant case, precisely those findings were made by the District Judge, and upon such a factual determination, under *Turner, Williams, Puckett,* and *Magee,* the writ should have been granted.

The *en banc* decision in Shiflett v. Commonwealth of Virginia, 447 F.2d 50 (4th Cir. 1971), does not overrule these cases. *Shiflett* dealt only with the question of the retroactivity of Nelson v. Peyton, 415 F.2d 1154 (4th Cir. 1969). The *Shiflett* opinion specifically recognized that *Griffin* and *Douglas* were to be applied retroactively and distinguished those cases, involving indigents, from *Nelson.* 447 F.2d at 54, 56. Indeed, Judge Haynsworth, writing for the majority in *Shiflett,* took pains to emphasize that, under *Williams,* an attorney must be appointed to represent an indigent client when he desires appellate review of his conviction. 447 F.2d at 56.

■ The usual form of relief in cases of this nature is to allow a belated appeal. But from the District Judge's opinion, it appears that no transcript of petitioner's 1954 trial exists and none can be produced. Under similar circumstances, we have ordered that the petitioner be accorded a new trial if the state elects to retry him within a reasonable time as fixed by the District Court, and if no new trial is sought, that petitioner be released from custody.

---

1. *Shiflett* plays no part in this case. The District Judge found that Willey desired review of his conviction, but was prevented from appealing by the state's refusal to provide him appointed counsel and a free transcript on appeal. In *Shiflett* "the petitioners * * * were represented at trial by retained counsel or appoint-ed lawyers who stood ready to represent them further if requested. The state, on a showing of indigency and the filing of a notice of appeal, was prepared to furnish to each of them an attorney and the incidents of an appeal at its expense." 447 F.2d at 56.

Turner v. North Carolina, 412 F.2d 486, 490 (4th Cir. 1969).

Accordingly, a certificate of probable cause to appeal is granted and the District Court's order denying habeas corpus relief is vacated. The case is remanded to the District Court for the entry of an order consistent with this opinion.

Vacated and remanded.