833 F.2d 1006
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dwayne V. BIRD, Defendant-Appellant.
 No. 86-7722.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 26, 1987.
Decided: Nov. 12, 1987.
 
 Dwayne V. Bird, appellant pro se.
 Jerry Wayne Miller, Office of the United States Attorney.
 Before JAMES DICKSON PHILLIPS, ERVIN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Dwayne V. Bird appeals the district court's denial of his 28 U.S.C. Sec. 2255 motion for postconviction relief. We affirm in part, vacate in part, and remand for further proceedings on the claim of ineffective assistance of counsel due to failure to file a direct appeal.
 
 In his motion Bird alleged:
 
 2
 (1) he was denied effective assistance of counsel because counsel
 
 
 3
 (a) failed to confer with him more than three times;
 
 
 4
 (b) failed to meet with seven witnesses who would have supported his self-defense alibi;
 
 
 5
 (c) failed to discover and present photographs taken of him;
 
 
 6
 (d) failed to develop the self-defense alibi;
 
 
 7
 (e) failed to allow him a reasonable time to read and review the presentence report prior to being sentenced; and
 
 
 8
 (f) failed to file a notice of appeal upon his request; and
 
 
 9
 (2) he was denied due process and equal protection because he did not have timely access to the presentece report.
 
 
 10
 We affirm the dismissal of claims (1)(a) through (e) and (2) based on the reasoning of the district court. United States v. Bird, C/A No. 86-71-B; C/R No. 85-69-B (W.D.N.C. Sept. 30, 1986).
 
 
 11
 We vacate the dismissal of claim (1)(f) and remand the case to the district court for an evidentiary hearing to determine whether Bird requested his attorney to file an appeal. Due process guarantees the effective assistance of counsel on a first appeal as of right from a criminal conviction. See Evitts v. Lucey, 469 U.S. 387 (1985). An attorney's failure to file an appeal, after a request to do so, amounts to ineffective assistance of counsel. See Walters v. Harris, 460 F.2d 988, 990 (4th Cir.1972), cert. denied, 409 U.S. 1129 (1973), overruled on other grounds, United States v. Whitley, 759 F.2d 327 (4th Cir.) (en banc), cert. denied, 54 U.S.L.W. 3227 (U.S. Oct. 7, 1985) (No. 84-6980); Turner v. North Carolina, 412 F.2d 486, 489 (4th Cir.1969). The defendant need not specify the issues he would raise on appeal, nor argue the likelihood of success on the merits in support of a claim of ineffective assistance based on the failure to file a direct appeal. See Rodriquez v. United States, 395 U.S. 327, 330 (1969). If the district court finds that the attorney failed to appeal after having been requested to do so, it must vacate the defendant's sentence and resentence him so that he can perfect an appeal. Id. at 332.
 
 
 12
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 AFFIRMED IN PART, VACATED IN PART AND REMANDED