838 F.2d 468
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ramon Ariel RODRIGUEZ, Defendant-Appellant.
 Nos. 87-5541, 87-5542.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 19, 1987.
Decided: Jan. 22, 1988.
 
 Ramon Ariel Rodriguez, pro se.
 Mark Alan Berthiaume, Office of the United States Attorney, for appellee.
 Before DONALD RUSSELL, K.K. HALL, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 In these consolidated cases, Ramon Ariel Rodriguez attempts to appeal his convictions on two counts of violating 21 U.S.C. Sec. 846, conspiracy to distribute cocaine. The United States has filed a motion to dismiss the appeal as untimely. We dismiss the appeal because we lack jurisdiction.
 
 
 2
 Pursuant to a plea agreement entered in the district court, Rodriguez pled guilty to each of the conspiracy counts on August 11, 1986. On October 24, 1986, the district court sentenced Rodriguez to two consecutive sentences totaling twenty years. The judgment and commitment orders were filed on October 28, 1986.
 
 
 3
 On February 6, 1987, more than three months after entry of the judgment and commitment orders, Rodriguez filed a notice of appeal seeking appellate review of both convictions.
 
 
 4
 In a response to the government's motion to dismiss, Rodriguez asserts that he instructed his trial counsel to note an appeal immediately after sentencing but that counsel failed to fulfill his promise to note the appeal.
 
 
 5
 Federal Rule of Appellate Procedure 4(b) requires that a notice of appeal in a criminal case be filed within ten days of the entry of the judgment appealed from. See United States v. Reyes, 759 F.2d 351 (4th Cir.), cert. denied, 474 U.S. 857 (1985); United States v. Schuchardt, 685 F.2d 901 (4th Cir.1982). A notice of appeal filed beyond the ten-day period, but within thirty days after expiration of the ten-day period, will be treated as timely upon a showing of excusable neglect. United States v. Reyes, 759 F.2d at 353. In this case, however, Rodriguez filed his notice of appeal more than three months after entry of the judgment and commitment order, long past the ten-day period and the thirty-day permissible extension period. Therefore, this Court lacks jurisdiction to hear the appeal.
 
 
 6
 We note, however, that our dismissal is without prejudice to Rodriguez's ability to file a motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255. See Evitts v. Lucey, 469 U.S. 387 (1985); Turner v. North Carolina, 412 F.2d 486 (4th Cir.1969).
 
 
 7
 Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument. Leave to proceed in forma pauperis is denied.
 
 
 8
 DISMISSED.