23 F.3d 403
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lang Gillford ANGE, Jr., a/k/a Duke, Defendant-Appellant.
 No. 91-6146.
 United States Court of Appeals, Fourth Circuit.
 Argued May 27, 1993.
Decided May 9, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., Senior District Judge. (CR-89-136-N, CA-91-14-N)
 Lang Gillford Ange, Jr., Appellant Pro Se.
 Laura Marie Everhart, Asst. U.S. Atty., Norfolk, VA, for appellee.
 E.D.Va.
 VACATED AND REMANDED.
 Before WIDENER, MURNAGHAN and HAMILTON
 PER CURIAM:
 
 
 1
 Lang Gillford Ange, Jr., a federal prisoner, appeals the district court's denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Sec. 2255 (1988). This appeal was placed in abeyance pending this Court's decision in United States v. Peak, 992 F.2d 39 (4th Cir.1993). Because a portion of the district court's final order violates Peak, we vacate the orders denying relief and remand for further proceedings on whether Ange's attorney rendered ineffective assistance by failing to appeal Ange's conviction and sentence.
 
 
 2
 Ange was one of nine individuals[1] charged by a federal grand jury in October 1989 in a sixty-six-count indictment. Ange was indicted on charges of conspiracy to distribute and to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C.A. Sec. 846 (West Supp.1992), seven counts of distribution and possession with intent to distribute controlled substances, in violation of 21 U.S.C. Sec. 841(a)(1) (1988), and one count of criminal forfeiture, in violation of 21 U.S.C.A. Sec. 853 (West Supp.1992). Ange eventually pled guilty to the conspiracy count, and as part of the plea agreement forfeited various items of real and personal property, though his wife was permitted to retain certain assets, such as the family dwelling, after a settlement with the Government.
 
 
 3
 In February 1990, Ange was sentenced to 235 months in prison, five years of supervised release, and fined $5000. Ange claims that his wife instructed his attorney, Robert Byrum, a Chesapeake lawyer, to file an appeal but that Byrum never did so. Byrum stated in an affidavit that Ange asked about the possibility of an appeal at the sentencing hearing and "I indicated to him that an appeal would not be the appropriate action" after a guilty plea under the federal sentencing guidelines, but that Ange could petition for a modification or reduction in sentence "within the appropriate time," apparently under Fed.R.Crim.P. 35.
 
 
 4
 Byrum further related that members of Ange's family "indicated that they would be back in touch with me" after he informed them of the cost of representation. Byrum said Ange's wife subsequently told him that Ange had secured out-of-state counsel. Several of Ange's relatives or friends, however, maintained that Byrum told them after the sentencing hearing that he would pursue an appeal on Ange's behalf. (Affidavits of Delores Ange, Edna Matcefsky, and Gloria Cross).
 
 
 5
 Besides claiming that his attorney was ineffective for failing to notice an appeal of his conviction and sentence, Ange also raised other ineffective assistance claims in this Sec. 2255 proceeding that are related to his sentencing, the forfeiture proceedings, and the voluntariness of his guilty plea. Ange also claimed that the forfeiture proceedings violated his rights to due process, and that the district court erred twice during sentencing by failing to consider his objection to the total amount of drugs that could be imputed to him for sentencing purposes and for relying on an erroneous opinion from the probation officer.
 
 
 6
 The district court entered two orders denying these claims. The first order dismissed all claims except those alleging ineffective assistance of counsel. The second order dismissed the remaining claim. The district court dismissed Ange's ineffective assistance claim related to appealing his conviction because six issues which Ange identified for appeal were meritless and, therefore, Ange was not prejudiced under Strickland[2] by his attorney's failure to file an appeal.
 
 
 7
 A criminal defendant's counsel who fails to file an appeal when requested to do so by his client "deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." Peak, 992 F.2d at 42. The district court erred in denying Ange relief on his claim of ineffective assistance because an appeal was not filed based on a finding that the prejudice prong of Strickland was not satisfied. Because of the affidavits in the record we cannot find that the motion, files, and record of the case conclusively show that Ange is not entitled to relief. See Fontaine v. United States, 411 U.S. 213, 215 (1973).
 
 
 8
 Therefore, we vacate the district court's orders entered March 26 and September 4, 1991, and remand for further proceedings on whether counsel rendered ineffective assistance by failing to file an appeal of Ange's conviction and sentence upon request. See Peak, 992 F.2d at 42; Puckett v. North Carolina, 343 F.2d 452, 453 (4th Cir.1965).
 
 
 9
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 [1]
 The sentences of seven of Ange's codefendants were affirmed by this Court in United States v. Poteet, No. 90-5165 (4th Cir. Aug. 1, 1991) (unpublished)
 
 
 [2]
 Strickland v. Washington, 466 U.S. 668 (1984)