**Columbus BOWMAN, Petitioner,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68-C-61-A.**

United States District Court
W. D. Virginia,
Abingdon Division.

July 10, 1968.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This proceeding involves a petition for a writ of habeas corpus filed *in forma pauperis* by Columbus Bowman, prisoner of the State of Virginia, pursuant to the provisions of 28 U.S.C.A. § 2241.

Petitioner is currently serving a thirty (30) year sentence in the Virginia State Penitentiary following his conviction on October 29, 1964, in the Circuit Court of Buchanan County, Virginia, for murder in the second degree. At the same trial, petitioner was convicted of attempted murder and sentenced to five (5) years in the state penitentiary. However, petitioner has finished serving the term for attempted murder, and this petition concerns only the conviction for murder which petitioner is presently serving.

■ Petitioner did not appeal the murder conviction to the Virginia Supreme Court but he did petition the Circuit Court of Buchanan County for a writ of habeas corpus on October 4, 1966. After a full hearing of the matter on November 28, 1967, the Buchanan County Circuit Court dismissed the petition on January 9, 1968. Subsequently on April 24, 1968, the Virginia Supreme Court of Appeals rejected a petition for a writ of error to the lower court's decision in the habeas corpus proceeding. Petitioner has exhausted his state remedies in compliance with 28 U.S.C.A. § 2254 and is properly before the court. See Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

After studying the records of the trial held in the Buchanan County Circuit Court on the 28th and 29th of October, 1964, and after studying the transcript of the habeas corpus hearing held in the same circuit court on November 28, 1967, the court has found full and sufficient evidence on which to render its decision and feels that any further hearing in this matter would be unnecessary and unproductive.

The facts of the case briefly stated are as follows:

Petitioner shot and killed his half-brother in Buchanan County, Virginia. Then petitioner immediately proceeded to the jailer's office in Grundy, Virginia, and reported to two Buchanan County policemen that he had shot his half-brother and thought him to be dead. Petitioner walked into the jailer's office and made the report without being interrogated or even questioned by the policemen. In fact, the police had not even begun actively investigating the shooting at that time.

Petitioner alleges three grounds in his petition to show that he is unlawfully held in custody. These three grounds are:

1. Petitioner's confession was obtained involuntarily and used in evidence at his trial for murder.

2. Petitioner received ineffective representation from counsel.

3. Petitioner was deprived of his right to appeal. The court will discuss each ground separately.

## 1. WAS PETITIONER'S CONFESSION OBTAINED INVOLUNTARILY AND USED IN EVIDENCE?

■ Petitioner admits that he went voluntarily to the jailer's office and, before any questions were asked, stated that he had killed his half-brother. Petitioner apparently argues that he put himself in the custody of the police officers the instant he entered the door of the jailer's office and that once in custody, the officers had to inform him of his constitutional rights before they could let him make a statement. This argument is clearly erroneous. The most glaring defect in petitioner's argument is that he was never under arrest or in custody before he made the statement. Petitioner could have walked out of the jailer's office any time before he made the statement. Petitioner was not in

custody at the time he uttered the statement; he was not a suspect; and the police had scarcely begun their investigation to determine if there was really a disturbance. This situation is in no way similar to Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) which petitioner cites as authority for his argument. There is no merit in the contention that a man's rights are denied because he walks into the nearest police station and blurts out a confession before the police can warn him of his right to counsel or to remain silent. The court finds that any possible confession made by petitioner when he entered the jailer's office was completely voluntary and made before petitioner ever entered the police's custody and that there was no denial of petitioner's rights in this instance. It is therefore unnecessary for the court to pursue this ground further to determine if the statement made by petitioner was actually a confession or to decide if the alleged confession was introduced in evidence at petitioner's trial on the 28th and 29th of October, 1964.

2. WAS PETITIONER GIVEN INEFFECTIVE REPRESENTATION BY COUNSEL?

 Mr. George Sutherland was appointed by the trial court to represent petitioner in his trial on the 28th and 29th of October, 1964. Petitioner now claims that Mr. Sutherland did not give effective representation because Mr. Sutherland did not sufficiently investigate the case; did not raise the issue of petitioner's mental ability to stand trial, and did not inform petitioner of the right of appeal. The court finds no merit in petitioner's allegations. Mr. Sutherland testified at the habeas corpus hearing that he went to the scene of the shooting, talked to "all parties that I knew", and in fact carried on "slightly more investigation out of the office then (sic) I usually do, because he [petitioner] wasn't where he could do the outside work." Mr. Sutherland did not raise the issue of petitioner's sanity, but there is

no evidence indicating there was any question about petitioner's mental ability. Petitioner himself stated that he had never been in a mental hospital nor examined by a psychiatrist and that the only fact casting doubt on his sanity was the shooting of the half-brother. It was the judgment and trial tactics of Mr. Sutherland not to raise the question of sanity. The judgment and trial tactics of trial counsel in this instance was apparently based on adequate reasons and is not grounds for alleging ineffective counsel. See Tompa v. Commonwealth of Virginia ex rel. Cunningham, 331 F.2d 552 (4th Cir. 1964); McCormick v. Peyton, 274 F.Supp. 797 (W.D.Va.1967). Petitioner's allegation that counsel failed to advise petitioner of his right to appeal is not adequate grounds for showing ineffective counsel. See United States ex rel. Mitchell v. Follette, 358 F.2d 922 (2nd Cir.) Moreover, petitioner admitted in the habeas corpus hearing that he learned of his right to appeal less than two (2) months after his conviction so he had sufficient time to have sought an appeal. However, petitioner took no action even after he learned of his right to appeal.

 The court therefore finds that Mr. Sutherland, an able and experienced member of the bar since 1910, gave petitioner effective counsel in the trial for murder. Counsel does not have to win the trial to be effective.

3. WAS PETITIONER DEPRIVED OF HIS RIGHT TO APPEAL?

 Petitioner alleges that his counsel's failure to advise him of his right to appeal deprived him of a constitutional right and should entitle him to a writ of habeas corpus. Yet petitioner admits that he learned of his right to appeal from other sources in sufficient time to petition for a writ of error although he still took no action to seek an appeal. The court reiterates that the failure of counsel to advise a defendant of his right to appeal is not sufficient grounds to entitle petitioner to a writ of habeas

corpus. United States ex rel. Mitchell v. Follette, supra.

For the reasons stated in this opinion and upon mature consideration of the facts relied upon by petitioner in the case at bar, the court finds that petitioner received effective representation by his court-appointed counsel and that petitioner was not denied any of his constitutional rights.

Therefore, it is adjudged and ordered that the petition for habeas corpus be, and hereby is denied.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.