Herschel J. GILES, Petitioner-Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.

No. 30593

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 22, 1971.

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Herschel J. Giles, pro se.

Crawford C. Martin, Atty. Gen., Ben M. Harrison, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's denial of habeas corpus relief to a prisoner of the State of Texas. The relevant facts and the applicable law are well stated in the order appealed from, which is appended hereto, and which is hereby affirmed.

Affirmed.

APPENDIX

United States District Court
Southern District of Texas
Houston Division
C.A. 70–H–354
Herschel J. Giles
versus
Dr. George J. Beto, Director,
Texas Department of Corrections

MEMORANDUM AND ORDER

Petitioner, Herschel J. Giles, is presently a prisoner in state custody pursuant to the judgments and sentences of the Criminal District Court No. 3 of Harris County, Texas, in Causes Nos. 112848 and 112849, styled State of Texas v. Herschel Giles. In each case, petitioner was charged with having committed the offense of murder with malice. On February 2, 1966, following his entering a plea of guilty in each case, petitioner was sentenced by the court to confinement for life in the State Penitentiary.

Petitioner has filed his petition for writ of habeas corpus wherein he alleges the following in support of his petition (1) petitioner did not file notice of appeal because he knew nothing of his right to appeal; (2) petitioner was com-

pelled and coerced into waiving his rights to contest his guilt before a jury by reason of the prosecutor's representation that if he plead not guilty the prosecution would seek the death penalty whereas if he plead guilty the prosecution would not seek the death penalty; (3) the state illegally ignored the capital provisions of murder with malice by waiving the death penalty provision; and (4) under the applicable statutory provisions it was not legally possible for him to waive a jury trial in a capital case.

■ Petitioner filed an application for writ of habeas corpus in the 177th Criminal District Court of Harris County, Texas. On May 31, 1969 the court denied the application without holding a hearing "because same does not state sworn facts, which, if believed, would entitle him to relief." Petitioner's application for writ of habeas corpus to the Court of Criminal Appeals of Texas, No. 2550, was denied on March 4, 1970, without written order. Respondent has attached certified copy of the transcript of the habeas corpus proceedings in the state District Court. The matters filed herein show that the issues raised in this case have been presented first to the courts of the State of Texas. Thus, petitioner has exhausted his state remedies and the matters raised are properly before this court for its consideration.

■■ Petitioner's complaint that no notice of appeal was given because he knew nothing of his right to appeal does not entitle petitioner to habeas corpus relief. Other than alleging that his attorney failed to advise petitioner of his right to appeal, petitioner alleges nothing else that could be construed to be an allegation that he was afforded ineffective assistance of counsel. Since petitioner plead guilty, there would seemingly be no reason for him to have appealed. Nor does petitioner set forth grounds upon which an appeal could have been based. Petitioner merely states that he did not know of his right to appeal, and does not allege facts which indicate that

he manifested a desire to appeal either to his attorney, or to the trial court. Under these circumstances, a failure of petitioner's attorney to file an appeal or to advise petitioner of his right to appeal would not entitle petitioner to habeas corpus relief. See, e. g., United States ex rel. Thurmond v. Mancusi, 275 F.Supp. 508 (D.C.N.Y.1967); United States ex rel. Ward v. New York, 268 F.Supp. 880 (D.C.N.Y.1967); Bowman v. Peyton, 287 F.Supp. 863 (W.D. Va.1968); Hairston v. Peyton, 268 F.Supp. 229 (D.C.Va.1967); Elam v. Peyton, 265 F.Supp. 231 (W.D.Va. 1967); Lovvorn v. Johnston, 118 F.2d 704 (9th Cir. 1941); King v. Wainwright, 368 F.2d 57 (5th Cir. 1966); United States ex rel. Mitchell v. Follette, 358 F.2d 922 (2d Cir. 1966). And because petitioner makes no allegations to the effect that he communicated to the court, or that the court knew that petitioner had an interest in appealing the case, the Texas court, unlike the federal practice, was not required to inform the defendant of his right to appeal or to appoint him counsel for the purpose of prosecuting an appeal. See, e. g., Beto v. Martin, 396 F.2d 432 (5th Cir. 1968); Worts v. Dutton, 395 F.2d 341 (5th Cir. 1968).

Petitioner's allegation that he is entitled to habeas corpus relief because he was compelled and coerced into waiving his rights to contest his guilt before a jury is also without merit.

Petitioner states that the prosecution confronted him with two alternatives: (1) He could waive his right to trial by jury by pleading guilty; or (2) He could plead not guilty and run the risk of receiving the death penalty. Petitioner contends that because the prosecution would have sought the death penalty if he had exercised his right to contest his guilt before a jury, he was confronted with a constitutional paradox.

■ A plea of guilty is valid, and effectively waives all nonjurisdictional defects, constitutional or otherwise, unless

the plea was induced by threats, misrepresentation, or improper promises. Brown v. Beto, 377 F.2d 950 (5th Cir. 1967); Rogers v. Wainwright, 394 F.2d 492 (5th Cir. 1968). Undoubtedly, a promise not to seek the death penalty upon a plea of guilty, but to seek the death penalty upon a plea of not guilty, constitutes a form of coercion. But the present authority does not consider such plea bargaining to constitute impermissible or unlawful coercion or compulsion for which habeas corpus relief is available. In Moore v. Wainwright, 401 F.2d 525 (5th Cir. 1968), the court held that "[f]ear of the death penalty by one charged with a capital offense does not constitute such coercion as will invalidate a plea of guilty." Thus, even if petitioner did enter a plea of guilty to escape the death penalty, the plea would not be rendered thereby invalid.

The judgment in each case recites that the trial court admonished the petitioner of the consequences of his plea of guilty, that defendant persisted in entering said plea, and that the court accepted the plea upon finding petitioner to be sane and "uninfluenced by any consideration of fear, or persuasion, or delusive hope of pardon prompting him to confess his guilt." Other than the one ground raised by petitioner and rejected by this court, petitioner alleges no other acts of coercion or compulsion which would tend to rebut these findings of the trial court or which would entitle petitioner to habeas corpus relief.

■ Petitioner also alleges that he was not tried in conformity with the indictments returned against him. In support of this contention, petitioner asserts that the state illegally ignored the capital provisions of the murder with malice statute by waiving the death penalty provisions of Art. 1257 of the Texas Penal Code. This allegation is without merit. Petitioner was indicted, tried, convicted, and sentenced under the murder with malice statute. Although the state did not seek the death penalty, petitioner was not denied any protected rights for which federal habeas corpus will issue.

■ The petitioner's final general contention—that he could not waive his right to a jury trial by reason of the applicable statutory provisions—is also without merit.

Article 1.14 of the Texas Code of Criminal Procedure provided in part that

> [w]hen the State makes known to the court in writing in open court that it will not seek the death penalty in a capital case, the defendant may enter a plea of guilty before the court and waive trial by jury as provided in Article 1.13, and in such case under no circumstances may the death penalty be imposed.

Article 1.14 is part of the 1965 revisions of the Texas Code of Criminal Procedure, Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722, which became effective January 1, 1966. Although the offenses made the basis of the state's convictions occurred on November 1, 1964 and the indictments were returned November 16, 1964, petitioner's plea of guilty was not entered and the following conviction and sentencing did not occur until February 7, 1966. In view of the fact that these proceedings occurred after the effective date of Article 1.14, the trial court was authorized to follow, and apparently did follow, the procedure set out in Article 1.14, in accepting petitioner's plea of guilty and waiver of trial by jury.

Petitioner asserts that Article 1.14 cannot be applied to his cases because the operative acts constituting the offenses allegedly occurred prior to the effective date of Article 1.14. Petitioner asserts that if Article 1.14 does apply to his cases, it is unconstitutional for being an ex post facto law. The error in petitioner's argument lies in the fact that Article 1.14 concerns only matters of procedure and is in no way penal in nature. Consequently, it is only necessary

that the trial proceedings to which Article 1.14 was applied occurred after January 1, 1966 (the date the Article became effective), which they did.

Petitioner also argues that Article 1.14 of the Code of Criminal Procedure cannot be applied to his cases because of the provisions of Article 13 of the Penal Code which provides, in part:

> When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for an offense committed before the second shall have taken effect. In every case the accused shall be tried under the law in force when the offense was committed, and if convicted punished under that law   *   *   *."

Clearly, Article 13 of the Penal Code prohibits only the retroactive application of criminal substantive laws and the penalties proscribed by these laws. Article 1.14, as mentioned, concerns only matters of procedure, not matters of the substantive criminal offenses, and is not penal in nature. Thus, no conflict exists between Article 13 and the application of Article 1.14 to petitioner's cases.

Having fully considered all matters raised by petitioner, the court has concluded that his petition for writ of habeas corpus is without merit. Accordingly, the petition for writ of habeas corpus is hereby denied and dismissed.

This is and constitutes a final judgment.

The clerk will enter this Memorandum and Order and will provide true copies to petitioner and the Attorney General of the State of Texas.

Done at Houston, Texas, this 27 day of July, 1970.

WOODROW   SEALS
United States District Judge.