UNITED STATES of America ex rel. Theophilus WARD (#28799), Petitioner,

v.

STATE OF NEW YORK, Agent, Daniel McMann, Warden, Respondent.

No. 21–746/1939.

United States District Court E. D. New York.

June 6, 1967.

Theophilus Ward, pro se.

## MEMORANDUM and ORDER

BARTELS, District Judge.

This is an application for a writ of habeas corpus, pursuant to 28 U.S.C.A. § 2254, by a petitioner who is now incarcerated in the Clinton State Prison, Dannemora, New York as a result of a conviction for first degree robbery. He was sentenced on June 12, 1939 to a term of 10 to 30 years plus an additional term of 5 to 10 years pursuant to Sections 2125 and 1944 of the New York Penal Law, McKinneys' Consol.Laws, c. 40, but he failed to appeal from the judgment of conviction or the imposition of sentence due, according to him, to the incompetency of the counsel assigned to him who failed to file a timely notice during the statutory period.

Petitioner has been relentless in his applications to the State court for coram nobis and writs of habeas corpus, having admitted to the filing of nine petitions for coram nobis and several petitions for writs of habeas corpus. All the petitions for coram nobis have been denied with affirmations by the Appellate Division and denials of permission to appeal to the Court of Appeals. The petitions in the State court for writs of habeas corpus have also been denied, from which appeals are now pending together with an appeal to the United States Court of Appeals, Second Circuit from an adverse decision of a district court in which the petitioner attacked "the constitutionality of the state records and evidence of the immigration authorities at Buffalo, N. Y." upon which a deportation warrant was based.

The petition consists of a mass of confused verbiage including a citation of statutory and case law which in most cases does not appear relevant. Among the petitioner's claims for a writ are the following: (1) No representation by counsel at indictment and subsequent incompetency of counsel for failing to appeal; (2) discriminatory jury panel; (3) lack of substantial evidence to support the jury verdict; (4) failure to ar-

rest for robbery until 22 hours after arrest for assault although both charges arose out of the same occurrence, and (5) false charge of robbery by the complaining witness in order to strengthen the assault charge surreptitiously induced by a Brooklyn detective, all in violation of petitioner's constitutional right to due process.

■ Most of these charges have already been adjudicated by the State court and there is no specification, of either fact or relevant law, to support the petitioner's charges or to show in what manner the State court's judgments were erroneous. For instance, considering the petitioner's assertions in the most favorable light, the most serious charge is the one predicated apparently upon the falsification of the complaining witness' testimony at the behest of a State Police officer. Yet no evidence of such falsification, such as a recantation by the witness, was offered, nor was there any indication that the District Attorney or his assistant had any knowledge of the alleged falsification. In asserting that some Brooklyn detective surreptitiously induced the victim to add a false complaint of robbery, the petitioner not only fails to state facts indicating that the charge was false but also that this detective failed to disclose material evidence which would exculpate the petitioner. See, Barbee v. Warden, Maryland Penitentiary, 4 Cir. 1964, 331 F.2d 842. Moreover, the jury found against the petitioner on the robbery charge based upon the victim's testimony. Here nothing new is added and petitioner's allegations upon this point are factually and legally insufficient. See, White v. Hancock, 1 Cir. 1966, 355 F.2d 262; United States ex rel. Birch v. Fay, S.D.N.Y. 1961, 190 F.Supp. 105.

■ Petitioner's other allegations predicated upon a delayed arrest on the robbery charge (see Hoffa v. United States, 1966, 385 U.S. 293, 87 S.Ct. 408 17 L.Ed.2d 374; Chapman v. United States, 2 Cir. 1967, 376 F.2d 705, and upon insufficiency of evidence (see United States ex rel. Jenkins v. Follette, S.D.

N.Y.1965, 257 F.Supp. 533) must also be rejected as insubstantial and without merit. Likewise, absence of counsel at the time of indictment sets forth no violation of constitutional rights without some demonstration of prejudice, such as denial of counsel if defendant was called as a witness to testify before the Grand Jury. Clarke v. Huff, 1941, 73 U.S.App.D.C. 351, 119 F.2d 204; United States ex rel. Boone v. Fay, S.D.N.Y.1964, 231 F.Supp. 387, cert. denied, 1965, 380 U.S. 936, 85 S.Ct. 945, 13 L.Ed.2d 823; United States ex. rel. Spinney v. Fay, S.D.N.Y.1963, 221 F.Supp. 419, affirmed, 325 F.2d 436. Another item, which is equally invalid, is the complaint that the jury panel was discriminatory. How and in what manner this panel was discriminatory does not appear, nor is any reason given why this objection was not raised in other post-conviction applications during the last 28 years. This ambiguous and conclusionary allegation must be dismissed as insufficient to justify the issuance of a writ. See, United States ex rel. Vaughn v. LaVallee, 2 Cir. 1963, 318 F.2d 499; United States ex rel. Birch v. Fay, supra.

■ Petitioner also charges incompetency of counsel for failure to appeal, although this charge is not specified as one of the grounds for the writ. This complaint was presented to the Appellate Division and decided adversely to the petitioner and was apparently raised in the State courts in many other collateral attacks upon the conviction. Interpreting the petition most liberally in order to include this charge of incompetency of counsel, it is sufficient to point out that the claim is unsupported by any specification of facts indicating that there was any basis for an appeal thereby depriving the petitioner of his constitutional rights of adequate representation. See, United States ex rel. Mitchell v. Follette, 2 Cir. 1966, 358 F.2d 922. Moreover, no stenographic minutes of the trial have been preserved and to require a hearing on this issue 28 years after the event upon a vague and ambiguous charge would be tantamount to a new trial after the mem-

ory of the witnesses and counsel (if still available) would be substantially dimmed, would under the circumstances constitute a mockery of judicial administration. To quote from Judge Kaufman's opinion in United States v. Garguilo, 2 Cir. 1963, 324 F.2d 795, 797, if petitioner "were to be afforded a hearing on the allegations presented here, our trial and appellate dockets would be swollen with incompetence of counsel cases. A convicted defendant is a dissatisfied client, and the very fact of his conviction will seem to him proof positive of his counsel's incompetence."

Since none of the petitioner's claims rise to constitutional dimensions, the petition must be and is hereby dismissed. This is an order.