Joseph Milton **ANDREWS**, Petitioner,

v.

**C. C. PEYTON**, Superintendent of the Virginia State Penitentiary, Respondent.

Civ. A. No. 68–C–6–D.

United States District Court
W. D. Virginia.
Danville Division.

April 24, 1968.

Overton P. Pollard, Asst. U. S. Atty., Richmond, Va., for respondent.

## Opinion and Judgment

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus by Joseph Milton Andrews, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241 and is filed *in forma pauperis*. The case was ordered transferred to this court from the United States District Court for the Eastern District of Virginia on February 15, 1968.

Petitioner is currently being detained pursuant to a judgment of the Circuit Court of Pittsylvania County, Virginia, rendered on October 23, 1964, wherein he was convicted of robbery and of aiding and abetting in murder and sentenced to life in prison on both charges. Petitioner pleaded not guilty and was tried to the court without a jury.

No appeal was taken. Petitioner, however, later sought state habeas corpus relief which was denied on March 29, 1967 after a plenary hearing in the Circuit Court of Pittsylvania County, Virginia. Petitioner's writ of error to this judgment was denied in the Supreme Court of Appeals of Virginia on January 17, 1968. Although petitioner did not raise his present claim that he was denied the right of appeal when he appealed the denial of his habeas petition, we nevertheless feel that he has exhausted his state remedies as to this claim because it appears that no available channel of relief remains open to him at this time in the state. And there is no evidence that this is due to a de-

liberate by-passing by petitioner of his state remedies.

Petitioner contends that he is entitled to habeas corpus relief on several grounds. He first claims that he was denied the right of appeal. This claim is unsupported by the evidence. The testimony at the state habeas hearing shows that upon being advised of the possible adverse consequences of an appeal by his three trial attorneys, petitioner never requested or sought an appeal. In fact petitioner himself testified that he never asked his attorneys to appeal. Furthermore, petitioner's own testimony proves that he was not denied a free transcript for appeal purposes. At the state habeas hearing petitioner admitted that he requested the transcript only for habeas corpus purposes and not for an appeal.

Petitioner further claims that he was denied due process by the admission into evidence at trial of his allegedly coerced confession. The circumstances surrounding the confession were as follows: On Sunday, December 8, 1963, at approximately 6:00 A.M. petitioner was arrested and transported to the jury room of the courthouse of Pittsylvania County, Virginia. Petitioner remained there for several hours until he was placed in jail. While at the jury room that morning petitioner was never questioned. At 2:45 P.M. the same day petitioner was returned to the jury room for questioning by two police investigators. From 2:45 P.M. to 3:15 P.M. petitioner gave a verbal account of the crime to the officers and at 3:30 P.M. a stenographer typed up the statement and petitioner read and signed it, initialling each page. After the interview petitioner returned to the jail and there was no further interrogation.

Petitioner alleges that he was not told that he had a right to remain silent, that anything he said could be used against him and that he had a right to counsel. He also alleges that his request for an attorney during the interrogation was denied. However, the testimony of each of the officers who interrogated petitioner shows that petitioner was advised of each of these rights before he made a statement and that petitioner did not seek the assistance of counsel at the interrogation.

Petitioner further claims the confession was involuntary because the officers induced him to make the confession by engendering hope of benefit and because he made it under threat of physical harm by two police dogs which were used in the arrest. Petitioner's claim that promises and rewards were offered to him to confess is both uncorroborated and contradicted by the testimony of the interviewing officers. Furthermore, the record clearly shows that the dogs were not used as a means of obtaining a confession. When petitioner was asked to give a statement in the jury room at 2:45 P.M. on Sunday, December 8, the day of his arrest, only the petitioner and the two officers were there. No dogs were in the jury room at that time. The only time petitioner was confronted by the dogs was when he was arrested early Sunday morning around 6:00 A.M. and when he was at the courthouse around 7:00 A.M. Although the dogs were in the jury room with petitioner that morning, they were not used to intimidate or threaten him and were not seen by him after that time. Petitioner's statement was not coerced by the use of these police dogs or by any other means. Petitioner was not under the influence of any alcohol or drugs when he confessed and there was no long period of interrogation or detention before the confession. The total period of interrogation was from 2:45 P.M. until 5:00 P.M. on the day of the arrest, and the total period of detention was from 5:00 A.M. that morning until 2:45 P.M. that afternoon. Furthermore, the evidence shows that at the time of the confession petitioner was twenty-seven years old; that he had eight years of school and could read and write; that he was rational and intelligent; that there were no threats made to his family or deception exercised; that he was not subjected to any physical or mental

abuse; and that he was in good health except for the fact that he was fatigued from the escape and had had little sleep the previous two nights. In view of the attendant circumstances we find that petitioner's statement was given voluntarily and intelligently and without compulsion or inducement of any kind.

It is, therefore, adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the writ denied.

The clerk is directed to certify copies of this opinion and judgment to the petitioner and to the respondent.