**Edward Lee TIBBS, Petitioner,**

**v.**

**C. C. PEYTON, Superintendent Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68–C–7–C.**

United States District Court
W. D. Virginia,
Charlottesville Division.

June 3, 1968.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus by Edward Lee Tibbs, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241 and is filed *in forma pauperis*. The case was ordered transferred to this court from the United States District Court for the Eastern District of Virginia on January 18, 1968.

■■ Petitioner is currently serving a sentence of fifteen years pursuant to his conviction for robbery by force and violence in the Corporation Court of the City of Charlottesville, Virginia on December 12, 1960. However, petitioner is attacking a sentence of ten years for robbery imposed by the Albermarle County Circuit Court on December 16, 1960 which he will not begin to serve until 1971. Since in Virginia petitioner at present cannot attack a sentence he is not serving, Peyton v. Williams, 206 Va. 595, 145 S.E.2d 147 (1965), he has exhausted his state remedies. Furthermore, we may entertain this petition which challenges a sentence which is to begin in the future. Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (May 20, 1968).[1]

■ This is the second time petitioner has sought habeas relief in the federal courts. In January, 1966 he filed a petition in the District Court at Richmond and raised the precise claims now before us.[2] They are:

1. Petitioner was denied the right of appeal.

2. The trial court abused its discretion by its refusal to set aside the verdict of the jury.

3. Petitioner was denied the right to call witnesses to testify. Judge Butzner made findings of fact and conclusions of law from the bench and ordered the petitioner released but stayed the order to permit the state to grant petitioner leave to apply for a writ of error to the Supreme Court of Appeals of Virginia from his conviction or retry him if so

---

1. Affirming Rowe v. Peyton, 383 F.2d 709 (4th Cir. 1967).

2. Case number 4630M (unreported opinion).

advised. Subsequently, the Supreme Court of Appeals granted petitioner leave to appeal from his conviction for robbery and counsel was appointed for that purpose. Petitioner's attorney discussed an appeal with him and by letter dated October 19, 1966 petitioner stated that he no longer wished to appeal. Therefore, we find no basis for petitioner's first contention.

■■ As to petitioner's second contention it is sufficient to say that this is not a proper subject for our review. Habeas corpus is not a substitute for an appeal. Grundler v. State of North Carolina, 283 F.2d 798 (4th Cir. 1960).

■ Petitioner's third claim that he was denied the right to call witnesses also warrants no relief under the circumstances of this case. By petitioner's own admission this claim was litigated in the previous petition before Judge Butzner. Although res judicata does not apply to habeas corpus proceedings, controlling weight may be given to Judge Butzner's decision "if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." Sanders v. United States, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963).

■■ Judging from Judge Butzner's determination and the final disposition of petitioner's petition, it appears that this claim was decided adversely to petitioner on the merits. And since petitioner has not borne his burden of showing that "the ends of justice would be served by a redetermination of the ground" *Sanders*, supra, at 17, 83 S.Ct. at 1078, we hold Judge Butzner's determination to be controlling.

It is, therefore, adjudged and ordered that the petition for habeas corpus be dismissed and the writ denied.