Ben SCARBOROUGH, Plaintiff-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Defendant-Appellee.

No. 26430.

United States Court of Appeals Fifth Circuit.

Dec. 2, 1968.

Ben Scarborough, pro se.

Earl Faircloth, Atty. Gen., Tallahassee, Fla., Robert R. Crittenden, Asst. Atty. Gen., Lakeland, Fla., for appellee.

Before THORNBERRY and DYER, Circuit Judges, and KEADY, District Judge.

PER CURIAM:

Ben Scarborough appeals from the denial of his petition for habeas corpus without a hearing. In his petition, appellant contends that he was not represented by counsel at arraignment or at sentencing, relative to his conviction in a Florida state court for robbery in 1941. These points were decided adversely to him in a previous habeas proceeding from which no appeal was taken. The federal district court there held that in the Florida state courts arraignment is not so critical a stage of the proceedings that failure to afford representation of counsel to an indigent constitutes a basis for federal habeas relief, citing Hamilton v. Alabama, 1961, 368 U.S. 52, 54, 82 S. Ct. 157, 7 L.Ed.2d 114, and that appellant was in fact represented by counsel at his sentencing. In the current habeas proceeding, the district court held that these two grounds need not be decided again on their merits. 28 U.S.C. § 2244. Further, the court found no merit in appellant's contention that his confinement is illegal because the commitment was unsigned. We agree with the court below on these points.

As for the assertion of denial of the right to take a direct appeal *in forma pauperis*, the court stated that appellant "has not alleged error on the part of the trial court nor has there been an allegation of petitioner's request for and denial of counsel to perfect an appeal. See Pate v. Holman [5 Cir.] 341 F.2d 764 (1965)." As we said in the more recent case of Worts v. Dutton, 5th Cir. 1968, 395 F.2d 341, "the state has no affirmative duty to appoint counsel unless some responsible state official has knowledge that the defendant is indigent, and that he wishes to appeal." Inasmuch as appellant in the case *sub judice* does not allege that at any time a responsible state official was made aware of his desire to appeal, the district court correctly held that Scarborough had not properly claimed a

deprivation of fourteenth amendment rights by state action.

Wainwright v. Simpson, 5th Cir. 1966, 360 F.2d 307, represents another approach that has been taken in cases of this kind. There we granted relief to a habeas applicant whose court-appointed trial counsel, although believing that there were meritorious grounds for appeal, deliberately failed to move for a new trial or to file a notice of appeal. We found denial of the sixth amendment right to effective assistance of counsel. In this case there was no allegation in the original petition which would raise a question about the effectiveness of appellant's court-appointed trial attorney.

The denial of habeas relief without a hearing is affirmed.