**UNITED STATES of America,
Appellee,**

v.

**John V. WOLOSYN, Appellant.**

**No. 23225.**

United States Court of Appeals
Ninth Circuit.

April 25, 1969.

Robert Hirsh (argued), Tucson, Ariz., for appellant.

Morton Silver (argued), Asst. U. S. Atty., Edward E. Davis, U. S. Atty., Jo

---

Ann D. Diamos, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before BROWNING and CARTER, Circuit Judges, and GRAY,* District Judge.

JAMES M. CARTER, Circuit Judge.

Appellant, John V. Wolosyn, was convicted after a jury trial of four counts of interstate transportation of stolen motor vehicles in violation of the Dyer Act (18 U.S.C. § 2312), and sentenced to three years on each count, the sentences to run concurrently. He now appeals. We affirm.

Appellant claims four grounds for reversal of his conviction. First, he claims the evidence presented by the government was insufficient to sustain his conviction under Rodgers v. United States, 402 F.2d 830 (9 Cir. 1968). In *Rodgers* the only evidence introduced by the government was the defendant's recent possession of a stolen car and an apparently valid title presented when he sold the car. The court there held the evidence was insufficient to justify reliance on the inferences which may be drawn from unexplained possession of a recently stolen car in another state.

■■ The instant case is clearly distinguishable from the situation involved in *Rodgers*. Here there was evidence that appellant, a used car dealer in Ohio who usually dealt in "junk" cars, possessed and sold, on four separate occasions, four late model Cadillacs in Tucson, Arizona; all four had been recently stolen from the area around Youngstown, Ohio, close to where appellant operated. Appellant also possessed stolen and fraudulent "titles" for the cars; each car had a false number on the doorpost which matched the number on the "title." In light of this and the other evidence in the case, we believe the trial court properly instructed the jury that it could infer from the evidence of unexplained possession in one state, of a recently stolen motor vehicle from another state, that appellant transported the vehicle in interstate commerce and knew it was stolen at the time of transportation. Jones v. United States, 378 F.2d 340 (9 Cir. 1967). We hold the evidence was sufficient to support the conviction; appellant's contention is without merit.

■ Second, appellant contends the trial court erred in not excluding the evidence from a police report as hearsay. The police report was a regular business record and was used for the limited purpose of confirming the date (testified to by another witness) on which one of the cars was reported stolen. The date was read to the jury from the police report; the report itself was not offered in evidence. To the extent of supplying the date of the reporting of the theft, the police report qualified as a business record under 28 U.S.C. § 1732. United States v. Graham, 391 F.2d 439, 447 (6 Cir. 1968).

■ Third, appellant contends the trial court erred in not excluding a purported automobile title since there was no proper foundational testimony. We believe that the testimony of Lemuel Shattuck, a government witness, taken as a whole and in light of the surrounding circumstances, was sufficient to identify the purported title and to lay a foundation for its admission; the court therefore properly admitted it into evidence.

■ Fourth, appellant contends the trial court erred in refusing to give his proposed instruction on character evidence, although he did not object to this below. After reviewing the record, we agree with the court's ruling that there was insufficient evidence of character in this case to warrant the proposed instruction.

The judgment of the district court is Affirmed.

---

* Hon. William P. Gray, United States District Judge, Central District of California, sitting by designation.