Enoch **ROBINSON**, Petitioner,

v.

Charles L. **WOLFF**, Jr., Warden, Nebraska Penal and Correctional Complex, Respondent.

Nos. 72-1112, 72-1390.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1972.

Decided Oct. 19, 1972.

William D. Kuester, Lincoln, Neb., for appellant in No. 72–1112.

Melvin K. Kammerlohr, Asst. Atty. Gen., Lincoln, Neb., for appellee in No. 72–1112.

Richard P. Nelson, Lincoln, Neb., for appellant in No. 72–1390.

Clarence A. H. Meyer, Atty. Gen., and Melvin K. Kammerlohr, Asst. Atty. Gen., Lincoln, Neb., for appellee in No. 72–1390.

Before MATTHES, Chief Judge, and LAY and HEANEY, Circuit Judges.

PER CURIAM.

These appeals by the same petitioner arise from denials of writs of habeas corpus by the United States District Court in the District of Nebraska, the Honorable Warren K. Urbom presiding. 349 F.Supp. 514. In No. 72–1112 the petitioner raises a multitude of alleged errors attacking his first degree murder conviction in the state court. See State v. Robinson, 185 Neb. 64, 173 N.W.2d 443 (1970). The federal district court summarized these grounds as follows:

"1.  The State of Nebraska had no jurisdiction to try the petitioner for the offense charged.

"2.  The jury selection system of Thurston County, Nebraska, systematically excludes Indians from the jury panel, thereby depriving the petitioner of his right to be tried by a fair and impartial jury of his peers.

"3.  There were constitutional errors in the trial."

Petitioner did not collaterally attack his state conviction under the Nebraska Post Conviction Act, 29–3001 to 3004 R.R.S., but did petition for a writ of habeas corpus in the Lancaster County District Court challenging the state's jurisdiction to try him. This contention was premised on the claim that the State of Nebraska was without jurisdiction to try

him for an offense committed by an Indian against another Indian within the territorial confines of the Omaha Indian Reservation. The Nebraska Supreme Court rejected this jurisdictional argument. Robinson v. Sigler, 187 Neb. 144, 187 N.W.2d 756 (1971).

The federal district court held that petitioner had failed to exhaust his state remedies as to his challenge on most of the constitutional errors occurring at his trial. These include his challenge that the Thurston County jury selection system excludes Indians from jury panels, that his trial counsel was ineffective and that the prosecution suppressed evidence favorable to the petitioner and used perjured testimony.

Robinson argues that the district court should assume jurisdiction because it would be a futile gesture for him to return to state court since he has already filed one "post-conviction" action in the state courts. He points to language in State v. Reichel, 187 Neb. 464, 191 N.W.2d 826 (1971), which indicates a petitioner will be barred from piecemeal litigation and may only file one post-conviction action. However, it is settled law that a petitioner may not be procedurally estopped from filing successive post-conviction suits as long as he has not waived his right to raise the ground relied upon or as long as the ground raised has not been actually litigated and decided adversely to the petitioner.[1]  Cf. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). As we declared in Harris v. Brewer, 434 F.2d 166, 168–169 (8 Cir. 1970), waiver of a constitutional right is a federal question and must meet federal standards. Fay v. Noia, supra at 439, 83 S.Ct. 822; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

---

1.  This is not to say that every petitioner should not be encouraged by the court to raise all known grounds in one petition.

Cf. Peterson v. United States, 467 F.2d 892, n. 2 (8 Cir. 1972).

Nevertheless, Judge Urbom observed that petitioner would not be estopped from refiling his claims in a state post-conviction proceeding since his only attempt at collateral attack in the state court has been his petition for a writ of habeas corpus in the forum of his custody rather than through the post-conviction statute in the forum of his sentence. We think this interpretation a sound one and avoids any unnecessary collision with the questionable dicta found in State v. Reichel, supra.

Judge Urbom has written an authoritative and soundly reasoned opinion rejecting the petitioner's jurisdictional claim. We adopt his reasoning and affirm the denial to this claim. See Robinson v. Wolff, 349 F.Supp. 514 (D. C.Neb.1972). We likewise reaffirm his finding that the state record was not void of sufficient evidence to convict the petitioner of the first degree murder as charged.

*No. 72–1390*

Subsequent to the district court's dismissal, petitioner filed another habeas corpus petition. In this petition Robinson alleges that he is claiming a broader basis of attack than he argued in his original petition. He now asserts that there was insufficient evidence proved to sustain a conviction for any crime and that the trial court erred in failing to sustain a motion for acquittal. Judge Urbom dismissed this petition as being premised on the same ground raised in the first petition. In disposing of the claim in his first opinion the district judge limited his discussion to whether there was sufficient poof of premeditation to sustain a conviction of first degree murder. The court's finding that there was sufficient proof to sustain a conviction for first degree murder adequately covers the alleged new ground of the second complaint.

We do not understand Thompson v. The City of Louisville, 362 U.S.

199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960), relied upon by the petitioner, to justify federal review of a state court record to ascertain whether there exists sufficient evidence to make a prima facie case for a jury. The question of sufficiency of evidence depends upon state law and not the federal constitution. See Faust v. State of North Carolina, 307 F.2d 869 (4 Cir. 1962). The principle announced in the *Thompson* decision relates to a case where the record is void of any evidentiary proof whatsoever to prove a criminal offense by defendant. Obviously, the standards as to sufficiency of evidence in one state may vary from the requirements in another. This factor does not create a question of constitutional dimension.

The denial of the writ of habeas corpus in both appeals is affirmed.