**Larry Ray BROWN, Petitioner,**

v.

**Edward E. HAYNES, Superintendent, Missouri Training Center for Men, Moberly, Missouri, and**

**George M. Camp, Director,[1] Missouri State Department of Corrections, Jefferson City, Missouri, Respondents.**

**Civ. A. No. 73CV404–W–3.**

United States District Court,
W. D. Missouri, W. D.

Nov. 8, 1974.

1. In his petition herein, petitioner designated the State of Missouri as the respondent. However, because petitioner is presently confined at the Missouri Training Center for Men at Moberly, Missouri, the correct respondents are petitioner's present custodian, who in this case is Edward E. Haynes, Superintendent of the Missouri Training Center for Men, and his immediate superior, George M. Camp, Director of the Department of Corrections of the State of Missouri, the ultimate authority having general custody of the petitioner. Accordingly, the substitutions were made by this Court by order dated October 31, 1973. The Director, who is officially a resident of this district, was added to enable this Court to acquire jurisdiction. Any other course would have required unnecessary dismissal and refiling of the petition in the Eastern District of Missouri and probable transfer of the petition thereafter to this district for the convenience of parties and witnesses.

Larry Ray Brown, pro se.

Karen I. Harper, Asst. Atty. Gen. of Mo., Jefferson City, Mo., for respondents.

## FINAL JUDGMENT DENYING PETITION FOR A WRIT OF HABEAS CORPUS

WILLIAM H. BECKER, Chief Judge.

This is a petition for a writ of habeas corpus by a state prisoner in custody at the Missouri Training Center for Men located at Moberly, Missouri. Petitioner seeks an adjudication that his conviction and sentence were illegally secured and imposed upon him in violation of his federal constitutional rights. Petitioner has requested leave to proceed in *forma pauperis*. Petitioner has been granted leave to proceed in *forma pauperis* by prior order of this Court dated October 31, 1973.

Petitioner states that he was convicted upon a finding of guilt by a jury in the Circuit Court of Jackson County, Missouri, of robbery in the first degree; that he was sentenced on that conviction on June 10, 1971, to a term of ten years imprisonment; that he did not appeal from the judgment of conviction and imposition of sentence because he "was coerce[d] under the apprehension of the Judge and [his] attorney"; that he filed a motion to vacate his conviction and sentence under Missouri Criminal Rule 27.26, V.A.M.R., in the Circuit Court of Jackson County, which was denied in November, 1971; that he appealed the denial of his 27.26 motion to the Missouri Court of Appeals, Kansas City District, which affirmed the ruling of the Circuit Court in March 1973; and that he was represented by counsel at all critical stages of the proceedings against him, in the preparation and filing of his 27.26 motion, and on appeal from a denial thereof.

Petitioner states the following grounds in support of the contention that he is being held in custody unlawfully:

"I was coerce (sic) to believe I could receive more time if I successfully (sic) appealed and came up for retrial.

"There was no instruction regarding my character witness provided for the Jury. Although this witness testified.

"I was coerce (sic) not to appeal by the intentional or incidental threat of being prosecuted on pending appeal if I did appeal."

In support of the above contentions, petitioner states the following facts:

"My lawyer and Judge Smith both stated during my sentencing proceeding that I would receive the same, less, or more time if I successfully appealed my conviction and came up for retrial."

On October 31, 1973, an order was entered granting the petitioner leave to proceed in *forma pauperis* and the respondents were directed to show cause

why the petition herein for a writ of habeas corpus should not be granted.

On November 15, 1973, counsel for the respondents filed herein a response to the order to show cause, therein acknowledging that petitioner had exhausted the remedies available to him in the Missouri state courts. As part of the response, counsel for the respondents attached and submitted photocopies of the following documents: (1) the transcript and record on appeal in the Missouri Supreme Court in Brown v. Missouri, 492 S.W.2d 762 (Mo.Sup.1973); (2) petitioner's brief filed in the Missouri Supreme Court in the above-noted appeal; (3) respondent's brief filed in the Missouri Supreme Court in the above-noted appeal; and (4) the opinion of the Missouri Supreme Court in Brown v. Missouri, 492 S.W.2d 762 (Mo.Sup. 1973), affirming the Circuit Court's denial of petitioner's 27.26 motion.

The record establishes and the parties agree that the contentions raised in the petition herein have been adequately exhausted by presentation to the Missouri state courts. Thus, petitioner's contentions will be reviewed and determined herein on the merits.

■■ From a review of the files and records in the case at bar, including the transcript and record on appeal to the Missouri Supreme Court, it is concluded that petitioner was afforded a full and fair evidentiary hearing by the Circuit Court with respect to his 27.26 motion, resulting in reliable findings of fact under applicable federal procedural and substantive standards. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Brodkowicz v. Swenson, 357 F. Supp. 178, 185 (W.D.Mo.1973); Noble v. Swenson, 285 F.Supp. 385 (W.D.Mo. 1968); Johnson v. Wyrick, 381 F.Supp. 747 (W.D.Mo.1974). In these circumstances, this Court may rely on the state records, or in the alternative, independently find the facts from all the evidence in the habeas corpus record if the record is adequate for this purpose, without holding a new evidentiary hearing. Townsend v. Sain, supra; Brown v.

Swenson, 487 F.2d 1236, 1240 (8th Cir. 1973); In re Parker, 423 F.2d 1021 (8th Cir. 1970); Meller v. Swenson, 309 F. Supp. 519 (W.D.Mo.1969), affirmed, 431 F.2d 120 (8th Cir. 1970), cert. denied, 400 U.S. 996, 91 S.Ct. 469, 27 L.Ed.2d 445 (1971); Mountjoy v. Swenson, 306 F.Supp. 379 (W.D.Mo.1969); Brodkowicz v. Swenson, supra; Redus v. Swenson, 468 F.2d 606 (8th Cir. 1972). To the extent that the decision to hold a new evidentiary hearing in the case at bar is discretionary, it is concluded that such a hearing has not been requested, and that it need not and should not be held. Crosswhite v. Swenson, 444 F.2d 648 (8th Cir. 1971); Wilwording v. Swenson (W.D.Mo. October 19, 1973), affirmed, 505 F.2d 735 (8th Cir. 1974); Johnson v. Wyrick, supra.

### Findings of Fact

Petitioner's trial in the Circuit Court of Jackson County, Missouri, commenced on March 27, 1971. During the trial, petitioner attempted to establish good character by relying on the testimony of his Mother, Mrs. Dorkes Brown. After testifying to her relationship and the fact that petitioner had always lived with her, defendant's Mother was asked the following question: "Are you familiar with his general reputation in the community out there for truth and honesty?" She responded by stating that she was familiar with the petitioner's general reputation in the community for truth and honesty, and that it was "very good."

On March 24, 1971, the jury found the petitioner guilty of the offense of first degree robbery. However, the jury was unable to agree upon and to assess punishment. The sentence was imposed by the Circuit Judge under Missouri law.

Petitioner's counsel thereafter filed a motion for a new trial, therein alleging error in the trial court's refusal to submit to the jury an instruction on petitioner's good character. The trial court overruled petitioner's motion for a new trial, concluding that the requested jury instruction on good character ". . .

should not be required in a case such as this where the charge is not related to honesty and where the question is so limited." The trial court further found as follows:

"Character refers to all phases of a person's conduct. No question was asked as to defendant's good character generally or as to his reputation as a peaceful or law-abiding citizen or even as an upright citizen.

"Defendant here is charged with robbery in the first degree. There is credible evidence he was holding a gun in the robbery of the Safeway Store. The testimony as to defendant's reputation for being honest is not substantial evidence upon the trait of character involved in this charge of robbery.

"The testimony given does not show the improbability of defendant committing the crime charged. In this connection attention is called to State v. Baird, B-a-i-r-d, Mo. [288 Mo. 62], 231 S.W. 625. Accordingly, it is the Court's view it is not error for the Court not to instruct on the defendant's good character."

Following the trial, petitioner was brought before the trial court and was informed by the sentencing Judge that he was subject to sentence to a term of imprisonment ranging from five years to life. The prosecuting attorney offered no recommendation with respect to the sentence to be imposed, other than to suggest that probation should not be granted. Petitioner's counsel declined any comment on the imposition of sentence. The sentencing Judge assessed petitioner's punishment at ten years imprisonment.

Immediately thereafter, counsel for petitioner conducted on the record a most thorough and exhaustive inquiry of the petitioner with respect to the question of appeal. During this detailed inquiry, counsel for petitioner questioned the petitioner whether he understood that (1) he could file an appeal from his conviction; (2) that such an appeal could re-

sult in outright reversal or retrial of the petitioner; (3) that upon a retrial, petitioner could receive the same sentence or possibly an enhanced sentence; (4) that petitioner and defense counsel had discussed the question of appealing his conviction; (5) that petitioner had advised counsel that he had chosen not to perfect an appeal; (6) that the failure to file a timely notice of appeal would preclude a later appeal; and (7) that the acceptance of the judgment of conviction was freely made upon full disclosure of his right to appeal. The petitioner expressly stated that he understood all the above alternatives, and that he did not desire to perfect an appeal.

The Circuit Court Judge then clarified one of defense counsel's statements by advising the petitioner that upon retrial, he could receive a *lesser sentence*, the same sentence, or a greater sentence than the ten year sentence imposed. Petitioner expressly acknowledged his understanding of this range of possibilities. Again, petitioner stated that he did not wish to have his conviction appealed. Thereafter, petitioner was asked whether he was satisfied with the representation of his defense counsel. To this inquiry, petitioner stated that the representation provided to him by his defense counsel was "very adequate."

On June 8, 1971, petitioner filed a motion to vacate his sentence under Missouri Criminal Rule 27.26 in the Circuit Court of Jackson County. On September 2, 1971, counsel was appointed to represent the petitioner and an evidentiary hearing was set. On September 27, 1971, counsel filed a motion to amend the contentions stated in the 27.26 motion, therein seeking to add the allegation that petitioner was not provided effective assistance of counsel. In factual support thereof, petitioner alleged, among other things, that defense counsel misled the petitioner into believing that he would receive only a five year sentence if he waived his right to appeal. On September 27, 1971, this Circuit Court granted the requested leave to amend petitioner's motion.

The evidentiary hearing on the post-conviction motion was held on October 27, 1971, during which the petitioner testified under oath. During that hearing, petitioner stated, among other things, that his defense counsel had advised him that a pending auto theft charge would be dropped and he would only receive a five year sentence with probation on the robbery conviction if he would waive his right to appeal.

Petitioner's trial counsel testified that it was true that petitioner was advised that the pending auto theft charge would be dropped if he would waive his right of appeal. Defense counsel stated that, to his knowledge, the auto theft charge was dropped. Counsel denied having promised that the petitioner would receive a five year term with probation on the condition that he waive his appeal right. On the contrary, counsel testified that, to his recollection, no person advised the petitioner that he would receive a five year term with probation upon such a waiver. Upon question by the Circuit Court, defense counsel reiterated that neither he, the prosecuting attorney, nor the trial Judge ever advised the petitioner that he would receive a five year term with probation upon waiver of his right to appeal. Defense counsel emphasized that the petitioner was aware of the possibility of receiving a greater sentence upon retrial, and that petitioner's waiver of appeal was predicated upon the dismissal of the auto theft charge.

On November 23, 1971, the Circuit Court entered its findings of fact and conclusions of law. Following the enumeration of specific findings, the Circuit Court concluded that (1) petitioner had not demonstrated or shown ineffective assistance of counsel; (2) that no error occurred by the overruling of petitioner's motion for a new trial and the failure to submit an instruction on character to the jury, notwithstanding the fact that the contention was not properly presented in a postconviction motion; (3) that petitioner had not been denied any federal or state constitutional right; and

(4) that no grounds had been established to warrant vacating, setting aside, or correcting the judgment of conviction. For these reasons petitioner's 27.26 motion was overruled.

Thereafter, petitioner filed his notice of appeal to the Missouri Supreme Court and appellate counsel was appointed. On appeal, petitioner contended that (1) his waiver of appeal was involuntary and coerced; (2) that he was deprived of due process by the trial court's failure to give an instruction on character; and (3) that he was deprived of effective assistance of counsel.

On April 9, 1973, the Missouri Supreme Court filed its opinion, affirming the Circuit Court's denial of petitioner's 27.26 motion. *See*, Brown v. Missouri, 492 S.W.2d 762 (Mo.Sup.1973). The Supreme Court basically found that the Circuit Court's findings and conclusions were not clearly erroneous, and that the character instruction issue constituted alleged trial error which should not be considered on a collateral postconviction attack.

### Conclusions of Law

In his first and third grounds for relief, petitioner contends in substance that he did not voluntarily and understandingly waive his right to appeal for the reason that (1) he was coerced by his belief that he could receive a greater sentence upon retrial, and (2) that he was also "coerced not to appeal by the intentional or incidental threat of being prosecuted on [a] pending charge" if an appeal was perfected.

 Under current applicable federal standards, indigent criminal defendants are entitled to a range of appellate rights. An indigent has a right to a free transcript. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). An indigent also has a right to be advised that he is entitled to court-appointed counsel on appeal. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed. 2d 33 (1967). In addition, a defendant,

whether indigent or not, also has the right to be properly advised of his right to appeal. Nelson v. Peyton, 415 F.2d 1154 (4th Cir. 1969), cert. denied, 397 U.S. 1007, 90 S.Ct. 1235, 25 L.Ed.2d 420 (1970); Willey v. Coiner, 464 F.2d 525 (4th Cir. 1972); Daniels v. Alabama, 487 F.2d 887, 888 (5th Cir. 1973); United States ex rel. Williams v. LaVallee, 487 F.2d 1006 (2nd Cir. 1973), cert. denied 416 U.S. 916, 94 S.Ct. 1622, 40 L.Ed.2d 118 (1974). The communication of the right of appeal to the defendant is generally made by defense counsel or the court, either method of which will satisfy federal standards. See, Jackson v. Turner, 442 F.2d 1303, 1307 (10th Cir. 1971); United States ex rel. Singleton v. Woods, 440 F.2d 835, 836 (7th Cir. 1971); United States ex rel. Smith v. McMann, 417 F.2d 648, 654 (2nd Cir. 1969), cert. denied, 397 U.S. 925, 90 S.Ct. 929, 25 L.Ed. 105 (1970); Goodwin v. Cardwell, 432 F.2d 521 (6th Cir. 1970).[2]

■ Conversely, once a defendant has been timely and adequately advised of his right to appeal and to the assistance of appointed counsel on appeal, the defendant is obliged to communicate adequately any desire to have his case reviewed on appeal. A defendant who has been timely and adequately advised of his right to appeal and to counsel on appeal cannot establish a deprivation of any federally protected right if he does not timely communicate his desire to appeal, or if he indicates that he does not wish to perfect an appeal. See, Scarborough v. Wainwright, 404 F.2d 318 (5th Cir. 1968); Waters v. Beto, 387 F.2d 335 (5th Cir. 1967); Andrews v. Peyton, 284 F.Supp. 694 (W.D.Va.1968); Tibbs v. Peyton, 287 F.Supp. 858 (W.D.Va.1968); Montez v. Eyman, 275 F.Supp. 554, 559 (D.Ariz.1967), affirmed, 404 F.2d 330 (9th Cir. 1968), cert. denied, 394 U.S. 1005, 89 S.Ct. 1604, 22

L.Ed.2d 783 (1969). Neither the trial judge, the prosecutor, nor defense counsel has the duty to make persistent and repeated inquiries of a defendant, or encourage the taking of an appeal if a defendant voluntarily, understandingly, and intelligently acquiesces in and accepts the advice of defense counsel, or if a defendant voluntarily, understandingly, and intelligently fails to take an appeal after being adequately apprised of his rights to appeal and to counsel on appeal.

The factual basis set forth in the petition herein in support of petitioner's allegation of coercion is conclusively shown to be without factual or legal merit by the transcripts of proceedings before and after conviction in this case. Petitioner expressly acknowledges that he "would receive the same, less, or more time" if a successful appeal was made. The entire record of judicial and extrajudicial proceedings before this Court is devoid of any indication of coercion or deception. To the contrary, the record discloses that the trial court and defense counsel made a careful and unusual effort to advise the petitioner, fully and in detail, of his appellate rights and the possibilities of a successful appeal and retrial.

■ Although petitioner does not expressly state that the advice of the trial court and defense counsel resulted in his waiver of appeal, it appears that this is the only implication by which petitioner could explain the coercion contention under the allegations presented. However, according to the recollection of defense counsel and the petitioner himself during the evidentiary hearing on petitioner's 27.26 motion, his waiver was made in expectation that the prosecutor would dismiss the auto theft charge. The record indicates that the charge was in

2. There appears to be a difference of opinion among the circuits whether the trial judge, defense counsel, or the state has the duty to advise a defendant of his appellate rights. See, United States ex rel. Singleton v. Woods, 440 F.2d 835, 836 fn. 1 (7th Cir. 1971) and cases cited therein. Because the facts in the case at bar disclose that petitioner was adequately and timely advised of his appellate rights, the question of duty is moot and it need not be discussed herein.

fact dropped and petitioner does not allege that it was not.

Moreover, the record of the sentencing proceeding provides no indication that petitioner was in any way coerced to waive his right to appeal. Not only did both the trial judge and defense counsel painstakingly advise petitioner of his appellate rights and all the possible consequences of a decision to appeal, but defense counsel expressly stated his willingness to proceed if petitioner desired to secure an appellate review and the rights in respect thereto.

With respect to the question of enhanced punishment upon retrial and the effects thereof upon a decision to appeal, it should be noted that the decision in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) is inapplicable to the facts presented in the case at bar. In the *Pearce* decision, the Supreme Court found that ". . . since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge." North Carolina v. Pearce, 395 U.S. 711, 725, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656, 669 (1969). The Supreme Court held that "[i]n order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." North Carolina v. Pearce, 395 U.S. 711, 726, 89 S.Ct. 2072, 2081, 23 L.Ed.2d 656, 670 (1969). Further, the decision in *Pearce* supports the scope of advice by the trial Judge and defense counsel in view of the Supreme Court's statement that, upon retrial, a defendant ". . . may receive a shorter sentence, he may receive the same sentence, or he may receive a longer sentence than the one originally imposed." North Carolina v. Pearce, 395 U.S. 711, 722, 89 S.Ct. 2072, 2079, 23 L.Ed.2d 656, 668 (1969).

The record in this case shows no emphasis on the possibility of an enhanced sentence. In fact the trial Judge emphasized the possibility of a lesser sentence. There is no indication in the record that petitioner was in any way "chilled" in the exercise of his right to appeal by the possibility of a greater sentence on retrial. Chaffin v. Stynchcombe, 412 U.S. 17, 33, 93 S.Ct. 1977, 1986, 36 L.Ed.2d 714, 727 (1973). The following analysis by the Supreme Court in the *Chaffin* case equally applies to the facts presented in the present case:

". . . Unlike the guilty plea situation and, to a lesser extent, the nonbifurcated capital trial, the likelihood of actually receiving a harsher sentence is quite remote at the time a convicted defendant begins to weigh the question whether he will appeal. Several contingencies must coalesce. First his appeal must succeed. Second, it must result in an order remanding the case for retrial rather than dismissing outright. Third, the prosecutor must again make the decision to prosecute and the accused must again select trial by jury rather than securing a bench trial or negotiating a plea. Finally, the jury must again convict and then ultimately the jury or the judge must arrive at a harsher sentence in circumstances devoid of a genuine likelihood of vindictiveness. While it may not be wholly unrealistic for a convicted defendant to anticipate the occurrence of each of these events, especially in the infrequent case in which his claim for reversal is strong and his first sentence was unusually low, we cannot agree with petitioner that such speculative prospects interfere with the right to make a free choice whether to appeal." Chaffin v. Stynchcombe, 412 U.S. 17, 34–35, 93 S.Ct. 1977, 1986–1987, 36 L.Ed.2d 714, 727–728 (1973).

From a thorough and careful review of the record presented to this Court, it must be concluded that there is con-

clusive proof in the record that the petitioner was fully advised of his appellate rights, that he expressly indicated his understanding of those rights, and that with full knowledge and understanding of the consequences of his action, he voluntarily, intelligently, and understandingly waived his right to appeal. Petitioner has failed to prove that he did not knowingly and intelligently waive his right to appeal. Whitney v. Craven, 460 F.2d 1267 (9th Cir. 1972), cert. denied, 409 U.S. 1061, 93 S.Ct. 563, 34 L.Ed.2d 514 (1972); Schlette v. California, 284 F.2d 827 (9th Cir. 1960); Feather v. Peyton, 297 F.Supp. 772 (W.D.Va.1969); Love v. Virginia, 297 F.Supp. 661 (W.D. Va.1969). Under these circumstances, petitioner is not entitled to habeas corpus relief. Scarborough v. Wainwright, *supra;* Andrews v. Peyton, *supra;* Tibbs v. Peyton, *supra;* Montez v. Eyman, *supra;* Whitney v. Craven, *supra;* Peabody v. United States, 394 F.2d 175 (9th Cir. 1968); Waters v. Beto, 387 F.2d 335 (5th Cir. 1967); United States ex rel. Boyd v. Rundle, 437 F.2d 405 (3rd Cir. 1970); Newland v. Haynes, 445 F. 2d 267 (8th Cir. 1971); Crenshaw v. Wolff, 504 F.2d 377 (8th Cir. 1974).

 To the extent that by his petition herein, the petitioner implies that he was not provided effective assistance of counsel with respect to the protection of his appellate rights, it is hereby concluded that the record fully supports the finding that petitioner was provided effective assistance of counsel and was fully and properly advised by appointed counsel of his appellate rights and the range of possible consequences upon any successful appeal. *Cf.* United States v. New York, 268 F.Supp. 880 (E.D.N.Y. 1967); McCormick v. Peyton, 274 F. Supp. 797 (W.D.Va.1967); Hall v. Peyton, 299 F.Supp. 613 (W.D.Va.1969); Lester v. Peyton, 303 F.Supp. 364 (W. D.Va.1969); Clark v. Henry, 346 F.Supp. 233 (W.D.N.C.1971).

In his final contention in support of the petition herein, petitioner contends that "[t]here was no instruction regarding my character witness provided for the Jury."

 In the absence of exceptional circumstances, habeas corpus is not considered to be a proper remedy for collaterally attacking or correcting errors in state trial procedure which do not violate federal constitutional standards. Redus v. Swenson, 339 F.Supp. 571, 575 (E.D.Mo.1972), affirmed, 468 F.2d 606 (8th Cir. 1972); Durham v. Haynes, 368 F.2d 989, 990 (8th Cir. 1966), cert. denied, 390 U.S. 959, 88 S. Ct. 1054, 19 L.Ed.2d 1154 (1968); Atwell v. Arkansas, 426 F.2d 912, 915 (8th Cir. 1970); Wilson v. Nebraska, 316 F.2d 84, 86 (8th Cir. 1963). Trial errors or irregularities may constitute, in exceptional cases, grounds upon which habeas corpus relief may be granted upon a clear showing that such errors or irregularities violate a specific federal constitutional right, or amount to such substantial prejudice so as to constitute a denial of due process and fundamental unfairness in the entire trial. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963); Lisenba v. California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166 (1941); *accord,* Redus v. Swenson, *supra;* Atwell v. Arkansas, *supra;* Scalf v. Bennett, 408 F.2d 325, 327 (8th Cir. 1969), cert. denied, 396 U.S. 887, 90 S. Ct. 175, 24 L.Ed.2d 161 (1969); Frazier v. Roberts, 441 F.2d 1224, 1228 (8th Cir. 1971); Robinson v. Wolff, 468 F.2d 438, 440 (8th Cir. 1972); Johnson v. Wyrick, 381 F.Supp. 747 (W.D.Mo.1974).

 Petitioner's final ground in support of the petition herein involves the question of admissibility of evidence of character and the propriety of giving an instruction thereon. Evidentiary errors generally entail questions of state law and are not cognizable in habeas corpus absent a showing of error of federal constitutional dimensions or fundamental unfairness in the entire trial. Taylor v. Minnesota, 466 F.2d 1119, 1121 (8th Cir. 1972), cert. denied, 410 U.S. 956, 93 S.Ct. 1425, 35 L.Ed.2d 689 (1973); Atwell v. Arkansas, 426 F.2d

912, 915 (8th Cir. 1970); Stump v. Bennett, 398 F.2d 111, 123 (8th Cir. 1968), cert. denied, 393 U.S. 1001, 89 S.Ct. 483, 21 L.Ed.2d 466 (1968); Robinson v. Wolff, 468 F.2d 438, 440 (8th Cir. 1972); *see also*, Spencer v. Texas, 385 U.S. 554, 562–564, 87 S.Ct. 648, 652–653, 17 L.Ed. 2d 606, 613–614 (1967). Similarly, absent a clear showing of error of federal constitutional dimensions or substantial prejudice so as to amount to a denial of due process, habeas corpus is not the proper remedy to review questions concerning state trial instructions. Young v. Alabama, 443 F.2d 854 (5th Cir. 1971), cert. denied, 405 U.S. 976, 92 S.Ct. 1202, 31 L.Ed.2d 251 (1972); Shepherd v. Nelson, 432 F.2d 1045 (9th Cir. 1970); Pleas v. Wainwright, 441 F.2d 56 (5th Cir. 1971); Cobb v. Wyrick, 379 F. Supp. 1287 (W.D.Mo.1974); Johnson v. Wyrick, 381 F.Supp. 747 (W.D.Mo. August 12, 1974).

A review of the record presented to this Court, in conjunction with petitioner's final claim for relief herein, discloses that the claim raises only the issue of compliance with applicable state law and rules. Under these circumstances, the claim need not be considered or determined by this Court.

Nevertheless, even considering petitioner's final ground for relief, it is concluded that the same is without factual or legal merit. The reasons in support of this conclusion will be set forth hereinafter.

 Under evidentiary standards prevailing generally, the prosecution is forbidden to initiate any offer of evidence of bad character of a defendant, if the defendant's character has not been "placed in issue." United States v. Parker, 491 F.2d 517, 523 (8th Cir. 1973); United States v. Crawford, 438 F.2d 441 (8th Cir. 1971). A defendant in turn, to whom the law does not invest with a presumption of good character, is accorded the privilege or option of initial-ly introducing evidence of his good character on the theory that such circumstantial evidence might bear on the probability that he did not commit the act charged. Michelson v. United States, 335 U.S. 469, 476, 69 S.Ct. 213, 219, 93 L.Ed. 168, 174 (1948); *accord*, Mullins v. United States, 487 F.2d 581, 585 (8th Cir. 1973); Gross v. United States, 394 F.2d 216, 219 (8th Cir. 1968), appeal after remand, 416 F.2d 1205 (8th Cir. 1969), cert. denied, 397 U.S. 1013, 90 S.Ct. 1245, 25 L.Ed.2d 427 (1970). "This privilege is sometimes valuable to a defendant for this Court has held that such testimony alone, *in some circumstances*, may be enough to raise a reasonable doubt of guilt and that in the federal courts a jury in a proper case should be so instructed." Michelson v. United States, *supra*; Edgington v. United States, 164 U.S. 361, 17 S.Ct. 72, 41 L. Ed. 467 (1896); *accord*, Gross v. United States, 394 F.2d 216, 220 (8th Cir. 1968); United States v. Lewis, 157 U.S. App.D.C. 43, 482 F.2d 632, 637 (1973); United States v. Fox, 154 U.S.App.D.C. 1, 473 F.2d 131, 134–135 (1972). (Emphasis added.)

Although a defendant is given the privilege to offer character evidence, a range of practical and generally accepted principles circumscribe and determine the scope of any such offering. *See generally*, McCormick, Evidence, § 191, pp. 451–456 (2nd ed. 1972); 1 Wharton, Criminal Evidence, §§ 229–234 (13th ed. 1972); 1 Wigmore, Evidence §§ 55–60 (3rd ed. 1940).

 Not only is a defendant permitted to call witnesses to testify from hearsay, but such witnesses are not allowed to base their testimony on anything but hearsay. Michelson v. United States, 335 U.S. 469, 477, 69 S.Ct. 213, 219, 93 L.Ed. 168, 174 (1948).[3] Any character witness must qualify as having sufficient knowledge of a defendant's reputation in the general community in which a defendant lives.[4] McCormick,

---

3. But see the possible prospective application of a different rule. *See*, Proposed Federal Rules of Evidence, Rule 405(a), 51 F.R.D. 315, 348 (1971).

4. The traditional scope and application of the term "community," as that term relates to the introduction of evidence of character, has been expanded and modified in a few

Evidence, § 44, p. 92 (2nd ed. 1972); 1 Wharton, Criminal Evidence, § 230, pp. 497–498 (13th ed. 1972); United States v. Kahan, 479 F.2d 290, 293 (2nd Cir. 1973); United States v. Lewis, 157 U.S. App.D.C. 43, 482 F.2d 632, 637 (1973). The witness is "allowed to summarize what he [or she] has heard in the community," not with respect ". . . to the personality of [a] defendant but only as to the shadow his daily life has cast in his neighborhood." Michelson v. United States, 335 U.S. 469, 477, 69 S.Ct. 213, 219, 93 L.Ed. 168, 174 (1948). In addition, such hearsay reputation testimony must be confined or relate to the time when the crime was committed or to a reasonable period prior thereto. McCormick, Evidence, § 191, p. 456 (2nd ed. 1972); 1 Wharton, Criminal Evidence, § 231 (13th ed. 1972); Gross v. United States, 394 F.2d 216, 219 (8th Cir. 1968).

A crucial limitation on the relevancy of any evidence of good character sought to be offered is the nature thereof. Although a few courts have permitted proof of "general good character," the prevailing and more practical view limits the inquiry to the particular trait or attribute the existence or non-existence of which is or may be involved in the commission of the crime charged. McCormick, Evidence, § 191 p. 455 (2nd ed. 1972); 1 Wharton, Criminal Evidence, § 231 (13th ed. 1972); 1 Wigmore, Evidence, § 59, p. 458 (3rd ed. 1940); Jones, Evidence, § 4:47, p. 477 (6th ed. 1972); accord, United States v. Lewis, 157 U.S.App.D.C. 43, 482 F.2d 632, 637 (1973); United States v. Kahan, 479 F.2d 290, 293 (2nd Cir. 1973); Harris v. United States, 412 F.2d 384, 388 (9th Cir. 1969); Harper v. United States, 170 F. 385, 390 (8th Cir. 1909).

For example, it is not material or relevant to show a defendant's reputation for morality and sobriety in a prosecution for making a false bank report entry. See, e. g., Harper v. United States, 170 F. 385 (8th Cir. 1909). It is equally proper to exclude evidence concerning a defendant's reputation for veracity in a prosecution for rape. See, e. g., Hawley v. United States, 133 F.2d 966 (10th Cir. 1943). Numerous other examples can be cited with respect to other particular offenses. See, 1 Wharton, Criminal Evidence, § 229, p. 494 (13th ed. 1972) and cases cited therein; McCormick, Evidence, § 191, p. 455 (2nd ed. 1972) and cases cited therein; 1 Wigmore, Evidence, §§ 59, 62 (3rd ed. 1940) and cases cited therein. Under such circumstances, the character evidence sought to be admitted must be properly restricted to the trait of character which is in issue. See, Harper v. United States, 170 F. 385, 390 (8th Cir. 1909); United States v. Garland, 364 F.2d 487 (2nd Cir. 1966), cert. denied, 385 U.S. 978, 87 S.Ct. 521, 17 L.Ed.2d 440 (1966); Hawley v. United States, 133 F.2d 966, 972–973 (10th Cir. 1943); Springer v. United States, 148 F.2d 411 (9th Cir. 1945). Similarly, a trial judge is not required to submit a character instruction to the jury where the evidence admitted is irrelevant and not restricted to the particular trait or traits involved in the crime charged. Cf. United States v. Wolosyn, 411 F.2d 550, 551 (9th Cir. 1969); United States v. Malinowski, 472 F.2d 850, 859 (3rd Cir. 1973), cert. denied, 411 U.S. 970, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973); see also, Missouri Criminal Rule 26.02(6).

In the case at bar, petitioner's Mother testified that petitioner's general reputation in the community for truth and honesty was "very good." However, petitioner was charged with the offense of first degree robbery. The character traits of truthfulness and honesty would not appear to be material to any determination of the probability or improbability of the commission of the offense of first degree robbery, a crime of violence, by the petitioner. Because of the

violent nature of the crime charged, the character witness should have been appropriately questioned as to petitioner's reputation in the community as a peaceable, nonviolent, or law-abiding citizen and respecter of the property of others.

 It is not error for a trial judge to refuse to give a requested jury instruction which is incorrect or misleading in any respect. Stewart v. United States, 395 F.2d 484 (8th Cir. 1968); Cullen v. United States, 408 F.2d 1178 (8th Cir. 1969); Giardano v. United States, 251 F.2d 109 (8th Cir. 1958), cert. denied, 356 U.S. 973, 78 S.Ct. 1136, 2 L.Ed.2d 1147, reh. denied, 357 U.S. 944, 78 S.Ct. 1382, 2 L.Ed.2d 1558 (1958). Under the facts presented in the case at bar, the trial Judge, in the exercise of discretion, was justified in refusing to give a character instruction in light of the doubtful materiality of the character testimony to the particular character trait or traits involved in the crime of first degree robbery. Cf. United States v. Wolosyn, 411 F.2d 550, 551 (9th Cir. 1969); United States v. Malinowski, 472 F.2d 850, 859 (3rd Cir. 1973), cert. denied, 411 U.S. 970, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973); see also, Harper v. United States, 170 F. 385, 390 (8th Cir. 1909).[5]

Furthermore, to the extent, if any, that the failure of the trial court to give a character instruction constituted error, it is concluded that such failure did not render the entire trial fundamentally unfair, or otherwise establish a sufficient basis to warrant the invalidation of the state conviction herein attacked. Cf. Stidham v. Swenson, 328 F.Supp. 1291 (W.D.Mo.1970), affirmed in part and reversed in part on other grounds, 409 U.S. 224, 93 S.Ct. 359, 34 L.Ed.2d 431 (1972); Robinson v. Wolff, 349 F.Supp. 514 (D.Neb.1972), affirmed, 468 F.2d 438 (8th Cir. 1972); Cobb v. Wyrick, 379 F.Supp. 1287 (W.D.Mo.1974); Johnson v. Wyrick, 381 F.Supp. 747 (W.D.Mo. 1974); see also, United States v. Malinowski, 472 F.2d 850, 860 (3rd Cir. 1973), cert. denied, 411 U.S. 970, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973); United States v. Cramer, 447 F.2d 210 (2nd Cir. 1971), cert. denied, 404 U.S. 1024, 92 S.Ct. 680, 30 L.Ed.2d 674 (1972).

For all the foregoing reasons, it is therefore

Ordered and adjudged that the petition herein for a writ of habeas corpus be, and it is hereby, denied.

---

5. Even if some form of character instruction might have been appropriate, the facts presented in the present case do not indicate that the trial judge should have given the "standing alone" instruction. See, Edgington v. United States, 164 U.S. 361, 366, 17 S.Ct. 72, 73–74, 41 L.Ed. 467, 471 (1896); Michelson v. United States, 335 U.S. 469, 476, 69 S.Ct. 213, 218, 93 S.Ct. 168, 174 (1948). In both the Edgington and Michelson cases the Supreme Court stated that under certain circumstances of a particular and proper case, the trial court may give the "standing alone" instruction. Such circumstances would probably exist when an accused has presented only evidence of good character and has rested his defense upon such evidence, coupled with the failure of the prosecution to present a substantial case against the accused. See, Oertle v. United States, 370 F.2d 719, 727 (10th Cir. 1966), cert. denied, 387 U.S. 943, 87 S.Ct. 2075, 18 L.Ed.2d 1329 (1967). Such circumstances do not appear to exist in the case at bar.